## WILLIAM ROUNDS *versus* ALFRED STETSON.

By R. S., 1841, c. 30, § 15, (R. S., 1857, c. 23, § 13,) when a beast, taken up as an estray, is impounded, the pound keeper is required to post, and keep posted for three days, advertisements thereof, signed by him, &c. And, by the statute of 1853, c. 17, § 1, (R. S., 1857, c. 23, § 14,) the pound keeper is required, in ten days after the notice has been given, to sell the beast, giving forty-eight hours notice of the time and place and cause of the sale. Upon a case presented, *it was held* that the "ten days," specified in the statute, do not begin to run, until the "three days" have fully expired; and that the time and place of sale cannot be fixed, and notice thereof given, until the ten days have expired.

REPORT by APPLETON, J.

This was an action of TROVER against the defendant, to recover the value of a cow sold by him, as pound keeper of the city of Bangor. It appeared in evidence that the cow was duly committed to the pound, August 20, 1857. The notices required by the statute were duly given and kept posted three days, from August 20th to August 22d, inclusive. The beast,

not being replevied nor redeemed, on the *first day of September* he posted up notices for the sale thereof, to be made on the *third* day of September; and the sale was made on that day.

The case was argued by

*Sanborn,* for the plaintiff, and by

*Ingersol,* for the defendant.

The opinion of the Court was drawn up by

RICE, J. — Section 15, of c. 30, R. S. of 1841, provides that, whenever any pound-keeper shall have received any beast committed to pound under the provision of that chapter, he shall forthwith post, and keep posted for three days, at his dwellinghouse and in two other public places in the same town, advertisements, by him subscribed, stating the name of the impounder or finder, the time and cause of impounding, and a brief description of the beast; notifying the owner to pay what is legally and justly demandable, and to take the beast away; and shall give public notice by the town crier, if such there be within the town.

Section 1 of c. 17, statutes of 1853, provides that, when any beast shall be impounded, and proceedings had in the manner set forth in the 15th and preceding sections of c. 30, R. S., if the forfeiture, damages, fees, charges and costs shall not be paid, or the beast replevied, *within ten days after the notice provided in the fifteenth section shall have been given,* the pound-keeper shall, without any other process, sell the said beast at public auction, *after having posted up in two public places in the town or city where said beast shall be impounded, at least forty-eight hours before the time of sale,* notices of the time and place and cause of said sale, in which he shall insert a brief description of the beast, &c.

The principal question, raised by the facts reported in this case, is as to the time within which the owner of the impounded beasts may reclaim them, or, in other words, at

what time the pound-keeper may lawfully sell them at public auction.

The notice, required to be posted and kept posted three days, by § 15, c. 30, R. S., cannot be deemed to have been given, until the said three days shall have fully expired. Ten days are then allowed, within which to pay any forfeiture, damages, fees, charges and costs that may have accrued. A sale cannot lawfully be made until after the expiration of ten days, nor until after having posted up in two public places in the town or city where said beast shall be impounded, at least forty-eight hours before the time of sale, notices of the time and place of sale. This notice cannot be given during the ten days allowed, within which to pay the forfeiture, damages, &c. During that time, which was reduced, by the statute of 1853, from twenty to ten days, the owner has a right to reclaim his beasts, without being subjected to any charge for advertisements for sale. Such, we think, is the natural construction of the words of the statute. But, were the language doubtful, the statute should not be so construed as to incur forfeiture, but the reverse. This statute is penal in its nature. And, in such cases, entire strictness is requisite. *Smith* v. *Gates*, 21 Pick. 55.

The sale was premature. Consequently, by the terms of the report, a default must be entered.

TENNEY, C. J., HATHAWAY, APPLETON, CUTTING, and GOODE-NOW, J. J., concurred.