ALPHEUS E. DURGIN *vs.* JOHN W. DYER.

Androscoggin. Decided April 3, 1878.

*Hoops.*

No action can be maintained for the price of hoops, sold in contravention of the provision of R. S., c. 41, § 21.

Sale and delivery before being culled, etc., as therein provided, is in contravention thereof.

ON EXCEPTIONS.

| ACCOUNT ANNEXED, for 7150 hoops, at $35 per M, $250.25; 1000 barrel hoops at $16; in all, | $266.25 |
|---|---|
| Credit, by cash, $200; hoops returned, $19; paid for freight, $1; in all, | 220.00 |
| Balance due, | $46.25 |

Plea, general issue.

It appeared at the trial that the hoops were sold by the plaintiff to the defendant before they had been culled and branded by the proper officer, and a certificate given by him specifying the

number, quality and quantity thereof, as required by R. S., c. 41, § 21; but the presiding justice, to enable the jury to pass upon other grounds of defense, instructed them that the action might be maintained, notwithstanding the non-compliance with the statute. The verdict was for the plaintiff for the balance claimed; and the defendant alleged exceptions.

*M. M. Butler & C. F. Libby*, for the defendant, relied upon R. S., c. 41, § 21.

*M. T. Ludden*, for the plaintiff, contended that the statute phrase, " delivered on sale," was technical, and did not apply to a case where the owner sold his own hoops; that it was not like the case of selling coal without a certificate of weight.

VIRGIN, J. The rule is well established that contracts for the sale of chattels entered into in contravention of the terms and policy of a statute, cannot be enforced; and it is immaterial whether the sale is expressly prohibited, or a penalty imposed therefor, because the imposition of a penalty in such case implies a prohibition. *Cundell* v. *Dawson*, 4 C. B. 376, 399. *Buxton* v. *Hamblen*, 32 Maine, 448. *Foye* v. *Southard*, 54 Maine, 147. S. C. 64 Maine, 389. *Miller* v. *Post*, 1 Allen 434. *Libbey* v. *Downey*, 5 Allen, 299

By R. S., c. 41, § 21, no person shall deliver on sale any hoops, before they have been culled and branded by the proper officer, and a certificate thereof given by him specifying the number, quality and quantity thereof, under a penalty of two dollars a thousand.

It is admitted that the hoops in question were sold and delivered without any compliance with the foregoing provisions of the statute. The sale was, therefore, in plain contravention of its salutary provisions and cannot be enforced.

The decision in *Abbott* v. *Goodwin*, 37 Maine, 203, is not inconsistent with the rule adopted in the case at bar. The language of the statute then before the court was materially different from the one now construed; and that decision will be confined to the facts there found.      *Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS, PETERS and LIBBEY, JJ., concurred.