### W. H. RICHMOND *vs.* LORING FOSS.

Kennebec. Opinion December 12, 1885.

*Sale of manufactured lumber. Shingles. Survey. R. S., c. 41, § § 15, 17, 21*

A seller cannot recover the price of manufactured lumber sold and delivered without an official survey; shingles are not an exception to the rule; such sales are prohibited by statutory penalties.

ON exceptions from the superior court.

Assumpsit on an account annexed for forty-eight dollars and forty-five cents due for boards, planks, timber and shingles, sold and delivered, the quantity and price per thousand of each variety being given.

The presiding justice instructed the jury that the plaintiff might recover, though the lumber sued for was not surveyed by a sworn surveyor, there being no request on the part of the defendant that the lumber should be so surveyed.

To this instruction the defendant alleged exception, the verdict being for the plaintiff in the sum of twenty-nine dollars and eighty-six cents.

*L. T. Carlton*, for the plaintiff.

*Potter and Lancaster*, for the defendant.

PETERS, C. J.   Can a seller recover the price of boards and shingles sold and delivered without a survey by some proper officer?

This point is determined against the plaintiff by the case of *Durgin* v. *Dyer*, 68 Maine, 143.   After a critical examination of the statutes and the cases, we can see no other possible construction.   There have been cases which have made, or attempted to make, a distinction which would save a seller from loss.   *Abbott* v. *Goodwin*, 37 Maine, 203 ; *Rogers* v. *Humphrey*, 39 Maine, 382.   These cases stood in their day on the outermost verge of the law on which they were decided.   In the first one, it was held that, where there was a delivery by the seller under a contract solicited by the purchaser, there was not such an " offering for sale " as required the lumber to be surveyed.   In the other, it was decided, not upon very conclusive reasoning, that a sale and delivery of a quantity of boards sufficient to make a certain number of sugar box shooks, was legal and binding, although no survey was ever made.   In the case at bar, the plaintiff's counsel contends that the reported evidence, made a part of the case, shows that the plaintiff did not offer to sell, but that the defendant solicited the purchase.   The distinction, based upon the statutes of to-day, can not prevail.   Section 21, c. 41, R. S., provides that " no person shall deliver on sale " any boards or other lumber there mentioned, and provides severe penalties for disobedience.   Can we say that a person does not deliver on sale, because the sale is preceded by a contract for the sale ?   Or, that there is a difference between a delivery on sale and a delivery on contract, if the price is to be measured by the thousands ?   There can be no doubt that lumber could be sold in bulk or lump, so much payable for the whole, and no survey be necessary.   There would be no need of the statutory protection in such case.   But when any lumber is sold, the price for which is to depend upon the number of thousands, which are to be ascertained by the survey or inspection of some person,

the surveyor must be an official surveyor, or the sale is void. On account of the opportunities for fraud possessed by the seller, the law refuses to trust any method but its own for the ascertainment of the quantities or qualities of lumber. Experts must be employed. Perhaps it would be expedient for the legislature to permit parties to a sale to waive an official survey. Such is not its present policy.

A more puzzling question is whether shingles may be excepted from the rule applying to other lumber. The attempt, by the revisers of the statutes, to retain the effect of statutes passed at different periods upon the same subject matter, creates obscurity, if not inconsistency, in the provisions relating to the sale of shingles. Still, we think, in the present instance, that the same rule must apply to shingles as to other lumber. The reason for the rule would seem to be as forcible in the one case as in the other. By section 17, c. 41, R. S., if shingles are offered for sale before they are surveyed and branded, " unless the parties otherwise agree," the property becomes wholly forfeited to the town. By section 21, same chapter, there is a penalty of two dollars per thousand for delivery of shingles on sale without inspection and survey, and there is no immunity from penalty because of any agreement of the parties. To give a consistency to both sections, the construction must be that, if there be an agreement, the penalty of a total forfeiture is not incurred; but the penalty of two dollars per thousand is incurred, whether there be an agreement or not. The revisers of the statutes would have done a service towards preventing misunderstanding and litigation, had they freed the total enactment, relating to this subject, of its ill constructed passages.

*Exceptions sustained.*

WALTON, DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.