Mary C. Wing *vs.* Frank N. Weeks.

Kennebec.    Opinion June 4, 1895.

*Fraudulent Conveyance. Execution Debtor. Pleading. Stat. 1887, c. 137, § 12*

In an action to recover " double the amount of the execution " for "fraudulently aiding in the transfer, concealment or disposal" of property disclosed by an execution debtor, *held;* that the statute on which it is based (Stat. 1887, c. 137, § 12,) is penal as well as remedial, and is not to be extended by construction beyond the reasonable meaning of its terms. It makes a clear distinction between the liability of a debtor and that of a third person.

Such action cannot be maintained when it appears that the situation of the property disclosed was not changed during the thirty days after disclosure.

*Held;* that a declaration in such an action is defective that contains no averment of any specific act of the defendant whereby the debtor was "fraudulently aided " in transferring, concealing or disposing of the property during that period or at any other time; nor a general allegation that the defendant "fraudulently aided " in the transfer, concealment or disposal of the property at any time.

See *Weeks* v. *Hill,* ante, p. 111.

On report.

The case appears in the opinion.

This was an action on the case, brought under the statute of 1887, c. 137, § 12. Plea, general issue.

(Declaration.) "In a plea of the case, whereas the said plaintiff on the 22nd day of April, 1893, at said Augusta, by the consideration of our Judge of our Superior Court, holden for and within our county of Kennebec, aforesaid, on the first Tuesday of April, 1893, recovered judgment against one Alice Weeks, of said Waterville, for the sum of one hundred forty-five dollars and forty-one cents debt or damage and nine dollars ninety-three cents costs of suit, as by the record thereof now remaining in our said court more fully appears; and whereas on the thirty-first day of May, 1893, said plaintiff presented a petition to Frank K. Shaw, Esq., a disclosure commissioner, within and for our county of Kennebec, duly appointed by the Supreme Judicial Court praying him to issue a citation for disclosure to said Alice Weeks and said commissioner granted

said prayer and issued a citation commanding the said Alice Weeks to appear before him at the Municipal court room, in Waterville, on the first day of June, 1893, at ten o'clock in the forenoon for the purpose of making a full and true disclosure of all her business and property affairs in accordance with the provisions of chapter 137 of Public Laws of 1887 of Maine. Said citation was duly served and in obedience thereto said Alice Weeks appeared at the time and place aforesaid and dis-. closed that she was the owner of one top-carriage valued at $50 and five cows valued at $200, all being then in the possession of this defendant, the said Frank N. Weeks. Whereupon the said disclosure commissioner decreed that said petitioner have a lien for thirty days on so much of said property as was not exempt from attachment and seizure on execution and the plaintiff alleges that none of said property was then exempt from attachment and seizure on execution. And afterwards on the 21st day of June, 1893, James P. Hill, a deputy of the sheriff of Kennebec county having in his hands for collection the execution issued on said judgment in favor of Mary C. Wing, by virtue of said execution and the disclosure commissioner's certicate thereon endorsed, granting a lien as above set forth, demanded of said Frank N. Weeks the said top-carriage and the said five cows; but the said Frank N. Weeks, then and there being in possession of said property and under a duty to surrender it to said officer on demand and having no lien or other reason for not so surrendering it, being unmindful of his said duty and disobedient to the decree of said commissioner and the statute in such case made and provided, refused then and there to surrender said property and concealed it and kept it from coming into the hands of said officer as by law it should have done; wherefore, and by force of the statute in such case made and provided, the said Frank N. Weeks has forfeited to the said plaintiff double the amount due on said execution to wit, double the sum of one hundred fifty-five dollars and forty-nine cents being the sum of three hundred ten dollars and ninety-eight cents.

"Yet, though often thereto requested," etc. . . .

*Harvey D. Eaton*, for plaintiff.

The defense, pendency of a prior action involving the same question raised here as to a portion of the property, can be shown only in abatement. *Small* v. *Thurlow*, 37 Maine, 504.

*W. C. Philbrook*, for defendant.

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, WISWELL, JJ.

WHITEHOUSE, J. The plaintiff in this action was the execution creditor and the defendant in interest, in the replevin suit, *Weeks* v *Hill*, ante, 111, and the case is an outgrowth of the same transaction.

This suit is based on section 12 of chapter 137, laws of 1887, relating to the disclosure of execution debtors. That section provides that if the debtor " discloses personal estate liable to be seized on execution, the petitioner shall have a lien on it, or so much of it as the magistrate in his record judges necessary, for thirty days ; and if the debtor transfers, conceals, or otherwise disposes of it within said time, or suffers it to be done, or refuses to surrender on demand, . . . . . . . the petitioner may recover, in an action on the case against him, or any person fraudulently aiding in such transfer, concealment or disposal, double the amount due on said execution."

It is alleged in the plaintiff's declaration that Alice Weeks, the execution debtor in the replevin suit, and the wife of this defendant, pursuant to a citation for that purpose, appeared before a disclosure commissioner on the first day of June, 1893, and " disclosed that she was the owner of one top-carriage, valued at fifty dollars, and five cows, valued at two hundred dollars, all being then in the possession of this defendant, Frank N. Weeks ; whereupon the disclosure commissioner " decreed that said petitioner have a lien for thirty days on so much of said property as was not exempt from attachment and seizure on execution." It is further alleged that the property thus disclosed was duly demanded of the defendant by the officer having the execution in favor of the plaintiff, but that the defendant " then

and there being in possession of said property and under a duty to surrender it to said officer on demand, and having no lien or other reason for not so surrendering it, being unmindful of his said duty and disobedient to the decree of said commissioner and the statute in such case made and provided, refused then and there to surrender said property, and concealed it and kept it from coming into the hands of said officer as by law it should have done."

There is no evidence in this case nor in the report of the replevin suit, which is made a part of this case, aside from the recital in the certificate of the disclosure commissioner, which gives any support to the averment that Alice Weeks disclosed that she " was the owner " of the cows and carriage in question. She " disclosed" that some eight months prior to that time she gave her husband the sum of three hundred dollars, and it appears that he purchased five cows with the money. ‑ She uniformly disclaimed any ownership in the cows. There is no evidence whatever, other than the commissioner's certificate, respecting the title to the carriage. The defendant appears to have asserted the right to hold it, and there is no evidence that he did not own it. It also appears that four of the cows in the defendant's possession had been seized on this same execution as the property of Alice Weeks, some two months before, and replevied by the defendant as above stated.

But it must be remembered that this is an action, not against the execution debtor who is alleged to have disclosed the property, but against the defendant to recover " double the amount of the execution," presumably for " fraudulently aiding in the transfer, concealment, or disposal" of the property within thirty days after the disclosure, and while the lien was decreed to continue. The statute invoked is penal as well as remedial, and is not to be extended by construction beyond the reasonable meaning of its terms. The rule of strict construction is applicable ; and this signifies that an act of a penal nature " is not to be regarded as including anything which is not within its letter as well as its spirit, which is not clearly and intelligibly described in the very words of the statute as well as manifestly intended

by the legislature." *Abbott* v. *Wood*, 22 Maine, 541; *Butler* v. *Ricker*, 6 Maine, 268; Endlich on Int. of Stat. § § 329-334, and cases cited.

This statute makes a clear distinction between the liability of the debtor and that of a third person. The petitioner may recover the penalty of the debtor himself if "he transfers, conceals, or otherwise disposes of the property within thirty days," or "refuses to surrender it on demand," &c., but he can only recover the penalty of a third person for "fraudulently aiding in such transfer, concealment or disposal." Such third person is not made liable for simply "refusing to surrender" property which he claims as his own, which has not been "transferred, concealed or disposed of" during this period of thirty days, but has been exposed to seizure on execution during that period, and for eight months prior to that time.

It is not contended that the situation of this property was changed in the slightest degree during the thirty days after disclosure. There is no averment in the declaration of any specific act of the defendant whereby the debtor was "fraudulently aided" in transferring, concealing or disposing of the property during that period or at any other time; nor is there even a general allegation that the defendant "fraudulently aided" in the transfer, concealment or disposal of the property at any time. There are no proper averments in the declaration to bring the case within the terms of the statute. It follows that the action must fail for want of both allegation and evidence.

*Plaintiff nonsuit.*