CHAS. H. NELSON *vs.* JAMES W. BECK.

Kennebec.    Opinion May 29, 1896.

*Illegal Contracts.    Bills and Notes.    Stallion.    R. S., c. 38, § 61.*

No action can be maintained upon a contract that is in contravention of the statute; and this rule applies to an action upon a negotiable note by the payee against the maker.

Thus, no action can be maintained to recover compensation for the service of a stallion whose owner has not complied with the provision of R. S., c. 38, § 61, which requires the owner or keeper of the stallion kept for breeding purposes, before advertising the service of the same by written or printed notice, to file a certificate with the register of deeds in the county where the stallion is owned or kept, stating, among other things, the name of the stallion.

A certificate thus filed in which the name of the horse is stated as " Oliver " will not support an action for the service of the same horse rendered under the name of " Dictator Chief " a year subsequent, there being no registered certificate of the horse under the latter name.

ON EXCEPTIONS BY PLAINTIFF.

This was an action on a promissory note given by the defendant to the plaintiff for the service of a stallion.    The case was tried to a jury in the Superior Court for Kennebec county.    The presiding justice ordered a verdict to be returned for the defendant, and the plaintiff took exceptions.

The case appears in the opinion.

*G. W. Heselton*, for plaintiff.

*F. E. Southard*, for defendant.

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, WISWELL, JJ.

WISWELL, J.    This is an action upon a negotiable promissory note, given by the defendant to the plaintiff for the service of the stallion, "Dictator Chief."

Revised Statutes, c. 38, § 61, requires the owner or keeper of any stallion kept for breeding purposes, before advertising the service of the same by written or printed notices, to file a certificate

with the register of deeds in the county where the stallion is owned or kept, stating, among other things, the name of the stallion. The same section also provides that whoever neglects to make and file such certificate shall recover no compensation for such service.

The stallion, "Dictator Chief," was kept by the plaintiff for breeding purposes, and had been advertised by printed notices prior to the time of the service for which the note in suit was given. No certificate had been made and filed with the register of deeds as required by statute. The plaintiff's counsel offered to show that a certificate of this horse, in which his name was stated as "Oliver," had been filed with the register of deeds as required by law.

But, at the time when the defendant's mare was bred to him, the name of the horse was "Dictator Chief," he was so known and advertised, and this had been his only name for at least a year prior to that time. If such a certificate, in all other respects sufficient, had been made and filed, it was not in compliance with the statute which requires the name of the stallion to be stated.

No action, therefore, could be maintained to recover compensation for the service of this stallion. Does it make any difference that this suit is upon a promissory note given for such service? We think not. The action is between the original parties to the note. The statute prohibits the recovery of compensation in such a case. It can make no difference whether the promise is express or implied, oral or written, so long as, in the case of a note, the suit is brought by the promisee.

The ruling of the presiding judge in ordering a verdict for the defendant was therefore correct.

*Exceptions overruled.*