STATE OF MAINE *vs.* HAZEN BUNKER.

Hancock.    Opinion December 26, 1903.

| 98 | 387 |
|-----|-----|
| f102 | 232 |

| 98 | 387 |
|-----|-----|
| e103 | 331 |

*Fish and Fisheries.* Clams. No prohibitory statute against non-residents. Town By-Laws of no effect. *R. S. (1883), c. 40, §§ 1–33. Stat. 1901, c. 284, § 37.*

Since chapter 284 Public Laws of 1901, approved March 22, 1901, took effect, no statute in force in this State contains any prohibition against a person taking clams from their beds within the limits of a town of which he is not a resident; or which authorizes inhabitants of a town to adopt any by-law or regulation prohibiting a non-resident from taking clams within the limits of their town, or requiring him to first obtain a license from the municipal officers of such town.

In the absence of legislative authority the inhabitants of a town have no power to adopt a by-law or regulation controlling the subject of sea-shore fisheries.

Agreed statement.    Judgment for defendant.

Indictment for taking clams by the defendant, a non-resident, within the limits of the town of Lamoine, Hancock County, March 18, 1903.

The case was reported upon an agreed statement of facts and portions of the records of the town of Lamoine showing such municipal regulations as the town had made concerning the taking of clams within its limits.

The statutory provisions applicable to the case are found in chapter 284 of the Stat. of 1901, § 37, and are as follows:

"Any town may at its annual meeting fix the times in which clams may be taken within its limits, and the prices for which its municipal officers shall grant permits therefor; and unless so regulated by vote, residents of the town may take clams without written permit.    But without permit any inhabitant within his own town, or transient person therein, may take clams for the consumption of himself and family.    This section does not apply to hotel keepers taking clams for the use of their hotels, nor does it interfere with any law relating to the taking of shell fish for bait by fishermen.    Whoever takes clams contrary to municipal regulations authorized by this sec-

tion, shall, for each offense, be fined not more than ten dollars, or imprisoned not more than thirty days or both."

The parties further agreed that the defendant at the time alleged in the indictment, to wit, March 18, 1903, upon a shore within the town of Lamoine, did take clams. The defendant did not take such clams for bait as a fisherman nor as a hotel keeper for the use of his hotel. The defendant was then and there a resident in the town of Trenton and not of Lamoine, and was not a transient person therein taking clams for the consumption of himself and family, and the said clams were taken by the defendant for factory and canning purposes.

Said clams so taken were at the time in a natural state, not artificially propagated nor enclosed.

*Bedford E. Tracy,* County Attorney, for State.

*L. B. Deasy,* for defendant.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, PEABODY, SPEAR, JJ.

WISWELL, C. J. After chapter 284, Public Laws of 1901, approved March 22, 1901, took effect, the only statute in this State which in any way regulated or related to the taking of clams from their beds was section 37 of that chapter, since the legislature by that act, in express terms repealed sections 1 to 33 of chap. 40 of the Revised Statutes, which sections included all of the previous existing statutes relating to the subject.

Section 37 of this chapter, in which the language of section 25 of chap. 40 of the Revised Statutes is retained, contains no prohibition against a person taking clams within the limits of a town of which he is not a resident, nor does it authorize the inhabitants of a town to adopt any by-law or regulation prohibiting a non-resident taking clams within the limits of their town, or requiring him to first obtain a license from the municipal officers of such town.

It is true that some portions of the section, as it now exists, are meaningless, and that there may be a very strong inference from the language of the section that the legislature intended to adopt further provisions to take the place of the repealed sections as to the authority

of the inhabitants of towns to regulate the taking of shell fish within their town by non-residents thereof, but a statutory offense cannot be created by inference or implication, nor can the effect of a penal statute be extended beyond the plain meaning of the language used.

It is equally clear that without legislative authority the inhabitants of a town have no power to adopt by-laws or regulations controlling the subject of sea-shore fisheries.

It is unnecessary to consider the constitutionality of legislation which discriminates between residents and non-residents of a town in this respect, since there is no such legislation.

It follows that the allegations in the indictment against the respondents do not constitute any offense under our laws.

In accordance with the stipulation of the report upon which the case comes to the law court, the entry will be,

*Judgment for respondent.*