STATE OF MAINE *vs.* ULYSSES T. WALLACE.

Knox.     Opinion December 13, 1906.

*Fish and Fisheries. Clams. Penal Statutes. Construction. Statute, 1905, chapter 161, section 1. R. S., chapter 41, section 34.*

A statutory offense cannot be created by inference or implication, nor can the effect of a penal statute be extended beyond the plain meaning of the language used.

It is a recognized rule that a penal statute is to be construed strictly in favor of a respondent.

Section 1 of chapter 161 of the Public Laws of 1905, amendatory of section 34 of chapter 41 of the Revised Statutes, reads, in part, as follows: "Towns at their annual meetings may fix the times in which clams may be taken within their limits, and the prices for which its municipal officers shall grant licenses or permits therefor, and the number to be granted; and when not so regulated by vote the municipal officers may fix the times and prices for which permits shall be granted, and the number to be granted. No person shall take clams within the limits of any towns having so regulated the taking of clams, without first obtaining a written license or permit from the municipal officers of such town, unless the clams are for the consumption of himself and family, or for the consumption or use of inhabitants of the town or any person temporarily resident therein. Whoever takes clams contrary to the provisions of this section, shall for each offense, be fined not more than ten dollars, or imprisoned not more than thirty days."

This amendatory act was approved and took effect March 24, 1905. The annual town meeting of the town of Cushing for 1905, was held March 13, eleven days before this amendatory act took effect. At this meeting, the town took no action, in relation to clams, under the provisions of the aforesaid section 34 of chapter 41, R. S., which had not then been amended. April 15, 1905, the municipal officers of Cushing voted to issue not to exceed one hundred and fifty licenses to residents of the town of Cushing

to take clams, and also voted not to issue licenses for that purpose to non-residents. The defendant was a resident of the town of Friendship and was arrested for taking clams within the limits of Cushing on October 26, 1905. The clams taken by the defendant were not for the consumption of himself and family, or for the consumption or use of the inhabitants of Cushing or any person temporarily resident therein.

*Held:* (1) That R. S., chapter 41, section 34, as amended by the statute of 1905, is materially different from R. S., chapter 41, section 34, as it stood before the amendment; (2) that the non-action of the town at its annual meeting, March 13, 1905, in relation to clams, was equivalent to an affirmative action in favor of the free taking of clams in Cushing during the ensuing year; (3) that the omission on the part of the town to act was not made in contemplation of any power then in the municipal officers to act; (4) that the municipal officers of Cushing had no authority to act under the statute of 1905 at the time they assumed to act; (5) that such municipal officers will have no authority to act until after an annual meeting of the town to be held subsequently to March 24, 1905, at which no vote is taken to regulate the taking of clams under the terms of the statute of 1905.

On agreed statement of facts. Complaint dismissed.

Complaint for taking clams within the limits of .the town of Cushing, Knox County, contrary to the regulations of the municipal officers of Cushing assuming to act under Public Laws, 1905, chapter 61. The matter came on for hearing at the January term, 1906, of the Supreme Judicial Court, Knox County, at which time an agreed statement of facts was filed and the case was sent to the Law Court for that court to render such judgment as the law and evidence required. (The case does not show how the matter reached the Supreme Judicial Court, but probably on appeal from the court or magistrate issuing the warrant.)

The case appears in the opinion.

*Philip Howard,* County Attorney, for the State.

*Rodney I. Thompson,* for defendant.

SITTING: WHITEHOUSE, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J. This was a complaint for taking clams within the limits of the town of Cushing contrary to the regulation of the municipal officers assuming to act under Public Laws 1905, chapter

161. The case comes before this court on an agreed statement of facts.

The act of the legislature is as follows :— "Towns at their annual meetings may fix the times in which clams may be taken within their limits, and the prices for which its municipal officers shall grant licenses or permits therefor, and the number to be granted ; and when not so regulated by vote the municipal officers may fix the times and prices for which permits shall be granted, and the number to be granted. No person shall take clams within the limits of any towns having so regulated the taking of clams, without first obtaining a written license or permit from the municipal officers of such town, unless the clams are for the consumption of himself and family, or for the consumption or use of inhabitants of the town or any person temporarily resident therein. Whoever takes clams contrary to the provisions of this section, shall for each offense, be fined not more than ten dollars, or imprisoned not more than thirty days."

This act was approved on the twenty-fourth day of March, 1905, and took effect on approval. The annual town meeting was held March 13, 1905. On April 15, 1905 the municipal officers of Cushing voted to issue not to exceed one hundred and fifty licenses to residents of the town of Cushing and also voted not to issue licenses to non-residents of the town. The defendant was a resident of the town of Friendship. The complaint alleged that the defendant took clams within the limits of the town of Cushing on the twenty-sixth day of October, 1905, and it was further alleged and admitted that the clams were not dug for the consumption of defendant and family or for the consumption of inhabitants of Cushing or any person temporarily resident therein.

The two contentions of the defendant are ; first, that the action of the municipal officers could be of no force because their right to act depended wholly upon whether the town had taken or omitted to take action, and that the town could not take action under a statute which was not enacted until after the date of the meeting; second, that the statute and the regulation of the municipal officers by discriminating in favor of citizens of the town denied to other citizens of the State the equal protection of the law.

It is unnecessary to consider the questions raised by the second defense as a true construction of the statute indicates that the action of the municipal officers was without authority. It is a recognized rule that a penal statute is to be construed strictly in favor of the rights of a respondent. "A statutory offense cannot be created by inference or implication nor can the effect of a penal statute be extended beyond the plain meaning of the language used. *State* v. *Bunker,* 98 Maine, 387.

Another reason for a strict construction of the present act is that it relates to the delegation of a power which is primarily vested in the legislature, that of controlling the subject of seashore fisheries. Such statutes are as a general rule strictly construed, 26 Am. & Eng. Enc. of Law, (2 Ed.) 665 ; 20 Am. & Eng. Enc. Law, 1140.

It is clear from the language of the act of 1905, if it stood alone, that the municipal officers had no authority to act until after an annual meeting of the town at which no action had been taken. At the annual meeting of the town which was held eleven days prior to the enactment of this law, action might have been taken under the similar provisions of the statute then existing, R. S., ch. 41, sec. 34, but under that statute if the town did not act no authority was otherwise delegated, and no action could be taken until the following year. In other terms the statute was materially different from the one substituted for and repealing it in 1905. The non-action of the town at this annual meeting was equivalent to an affirmative action in favor of the free taking of clams in the town of Cushing during the ensuing year. The omission to act was not made in contemplation of any power then in the municipal officers to regulate the taking of clams. A strict construction of the language of the new act as well as a reasonable interpretation of the words does not indicate a legislative intent to delegate to the municipal officers authority to reverse the will of the inhabitants of the town, but only an intention to give the municipal officers power to act after the town had exercised its option, with the knowledge that on failure to act the subject would devolve upon the municipal officers. It follows therefore that they had no authority to act under this statute, until after an annual meeting of the town held subsequently to the

twenty-fourth day of March, 1905, at which no vote was taken to regulate the taking of clams under the terms of this statute. The act of the respondent charged in the complaint violated no law.

*Complaint dismissed.*