STATE OF MAINE *vs.* CLARENCE PEABODY.

103   327
f105    79

Knox.    Opinion December 19, 1907.

*Fish and Fisheries.  Penal Statutes.  Construction.  Clams.  Towns.  Invalid Clam
Regulations.  Statute (Mass.) 1889, chapter 391.  Public Statutes (Mass.)
1882, chapter 91, section 68.  Statute 1901, chapter 284, section 37 ; 1905,
chapter 161, section 1.  R. S., chapter 41, section 34.*

It is a well settled principle of the common law that the fish in the waters of
the State including the sea within its limits as well as the game in its
forests belong to the people of the State in their collective sovereign
capacity.

It is also well settled that the legislature of each State representing the
people possesses full power to regulate and control such fisheries by
appropriate enactments designed to secure the benefits of this public right
in property to all its inhabitants.

It is a familiar principle of construction that the operation of a penal statute
cannot be extended by implication so as to embrace cases which are not
plainly included in the express terms and obvious import of the language
of the enactment.

Revised Statutes, chapter 41, section 34, as amended by chapter 161 of the
Public Laws of 1905 contains no provision expressly prohibiting a person
from digging clams within the limits of a town of which he is not a resident,
nor does it contain any provision authorizing the inhabitants of a town to
adopt any by-law or regulation excluding non-residents from the privilege
of applying to the municipal officers for a written permit to take clams in
such town.

The inhabitants of the town of Cushing at the annual meeting of said town
held in March, 1906, under an article therefor in the warrant, voted as
follows : "To have a clam law as per chapter 161, Public Laws, 1905 and to
issue 150 licenses to expire April 1, 1907, price for licenses to be $.25 and
not to issue licenses to non-residents."  *Held :*  That this regulation is
invalid as to non-residents, and since it cannot be enforced against the
inhabitants of the town without defeating the purpose of the voters in
adopting it, the whole regulation is void.

On report.    Judgment for defendant.

Complaint against the defendant, a resident of the town of
Friendship, for digging clams within the limits of the town of
Cushing without first obtaining a written permit therefor from the
municipal officers of Cushing according to the requirement of the

regulations established by said town of Cushing at its annual meeting held in March, 1906. Heard at the April term, 1907, of the Supreme Judicial Court, Knox County. An agreed statement of facts was then filed and the case was sent to the Law Court on report. The material parts of the "agreed statement" are as follows:

"The annual town meeting of the town of Cushing was held March 12, 1906 at which meeting the town acted upon the following article in the warrant—'To see if the town will vote to have a clam law and if so, the number of licenses to be issued, price of same and whether they shall be issued to non-residents.' Under the foregoing article it was voted as follows: 'To have a clam law as per chapter 161, Public Laws 1905 and to issue 150 licenses to expire April 1, 1907, price for licenses to be $.25 and not to issue licenses to non-residents.'

"It is admitted that the defendant dug as alleged and that he was a resident of Friendship at that time.

"Also that he had no license to dig clams and that the clams were not for the consumption of himself or family or for the consumption or use of the inhabitants of the town of Cushing or any person temporarily a resident therein.

"Upon the foregoing statement, the Law Court is to render such judgment as the law requires."

Presumably the case reached the Supreme Judicial Court on appeal from some lower court.

Note. The "clam statute," R. S., chapter 41, section 34 as amended by Public Laws, 1905, chapter 161, section 1, was also before the Law Court for construction on another point in *State* v. *Wallace*, 102 Maine, 229.

*Phillip Howard*, County Attorney, for the State.

*Rodney I. Thompson*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, CORNISH, KING, JJ.

WHITEHOUSE, J. This is a complaint against the respondent, a resident of the town of Friendship, for digging clams within the

limits of the town of Cushing without first obtaining a written permit therefor from the municipal officers of that town, according to the requirement of the regulations established by the town at its annual meeting held in March 1906.

The case comes to this court on report, and the following material facts appear from the agreed statement certified by the Justice presiding.

At the annual meeting above named the town acted upon the following article in the warrant: "To see if the town will vote to have a clam law and if so, the number of licenses to be issued, price of same and whether they shall be issued to non-residents." Upon this article the following action was taken.

"Voted, to have a clam law as per chapter 161, Public Laws of 1905 and to issue 150 licenses to expire April 1, 1907; price for licenses to be $.25 and not to issue licenses to non-residents."

It is admitted that the defendant dug the clams as alleged; that he was a resident of the town of Friendship at that time; that he had no license therefor from the municipal officers of the town of Cushing; and that the clams were not for the consumption of himself or family or for the consumption or use of the inhabitants of the town of Cushing or any person temporarily a resident therein.

Section 34 of chapter 41 of the Revised Statutes as amended by section 1 of chapter 161 of the Public Laws of 1905 is in part as follows: "Towns at their annual meetings may fix the times in which clams may be taken within their limits, and the prices for which its municipal officers shall grant licenses or permits therefor, and the number to be granted; and when not so regulated by vote the municipal officers may fix the times and prices for which permits shall be granted, and the number to be granted. No person shall take clams within the limits of any towns having so regulated the taking of clams, without first obtaining a written license or permit from the municipal officers of such towns, unless the clams are for the consumption of himself and family, or for the consumption or use of inhabitants of the town or any person temporarily a resident therein. Whoever takes clams contrary to the provisions of this section, shall for each offence, be fined not more than ten dollars, or imprisoned not more than thirty days."

It is contended in behalf of the defendant that this statute does not authorize the vote of the town excluding non-residents from the privilege of obtaining such license, but if it is to be deemed broad enough to authorize such a regulation, the statute must itself be held unconstitutional and void because in contravention of the Fourteenth amendment of the Federal Constitution.

It is a well settled principle of the common law that the fish in the waters of the State including the sea within its limits as well as the game in its forests belong to the people of the State in their collective sovereign capacity. Equally familiar and well recognized is the corollary of this proposition that the legislature of each State representing the people possesses full power to regulate and control such fisheries by appropriate enactments designed to secure the benefits of this public right in property to all its inhabitants. This doctrine has frequently been affirmed by the legislatures and repeatedly declared by the judicial decisions of this and other States. It has also been approved by the Supreme Court of the United States. *Moulton* v. *Libbey*, 37 Maine, 472; *State* v. *Snowman*, 94 Maine, 99; *State* v. *Rodman*, 58 Minn. 393; *Ex parte Maier*, 103 Cal. 476; *Com.* v. *Hilton*, 174 Mass. 29; *Geer* v. *State of Connecticut*, 161 U. S. 519.

In *Moulton* v. *Libbey*, supra, it was held in an elaborate opinion that shell fisheries including the digging of clams, are embraced in the common right of the people to fish in the sea, creeks and arms thereof, and that the State as representing the people has authority to regulate the common rights and privileges of fishing.

In *Com.* v. *Hilton*, supra, it was held that under the statute and vote of the town there in question, the selectmen had authority to make a regulation forbidding the taking of clams without a permit except for the purposes and in the quantities specified by the statute and providing that permits should be granted only to inhabitants of the town. It was also held that the statute authorizing such action on the part of the town was constitutional.

In that case the vote of the town was based upon the Public Statutes of Massachusetts, chapter 91, section 68, as amended by chapter 391 of the Laws of 1889. That act provided that the

mayor and aldermen of cities and the selectmen of towns when so instructed by their cities and towns, may control and regulate or prohibit the taking of eels, clams, quahaugs and scallops within the same; and may grant permits prescribing the times and methods of taking eels and the shell fish above named, within such cities and towns "and make such other regulations in regard to said fisheries as they may deem expedient."

In accordance with the vote of the town taken by virtue of this statute, the selectmen made a regulation "prohibiting all persons from taking clams on Salisbury Flats to sell, except those having a permit from the selectmen. The permit only to be granted to a resident of the town."

It was held by the court that the language of this statute is broad enough to authorize a regulation which thus preferred the inhabitants of the town in issuing permits to take fish for sale.

In the case at bar it has been seen that the statute upon which the vote passed by the town of Cushing purports to have been based, not only fails to authorize in express terms a regulation excluding non-residents from the privilege of applying for permits, but it contains no general provision like that of the Massachusetts statute above quoted, authorizing the selectmen to "make such other regulations in regard to said fisheries as they may deem expedient."

In *State* v. *Bunker*, 98 Maine, 387, the regulation in question preferring the inhabitants of the town of Lamoine was based upon section 37 of chapter 284 of the Laws of 1901, (section 34, chapter 41, R. S.) which in part reads as follows:

"Any town may at its annual meeting fix the times in which clams may be taken within its limits, and the prices for which its municipal officers shall grant permits therefor; and unless so regulated by vote, residents of the town may take clams without written permit. But without permit any inhabitant within his own town, or transient person therein, may take clams for the consumption of himself and family. This section does not apply to hotel keepers taking clams for the use of their hotels, nor does it interfere with any law relating to the taking of shell fish for bait by fishermen.

Whoever takes clams contrary to municipal regulations authorized by this section, shall, for each offence, be fined not more than ten dollars, or imprisoned not more than thirty days."

It was there held that this statute "contains no prohibition against a person taking clams within the limits of the town of which he is not a resident, nor does it authorize the inhabitants of a town to adopt any by law or regulation prohibiting a non-resident taking clams within the limits of their town."

It will be seen from a comparison of the two statutes that the Act of 1905 upon which the regulation in the case at bar purports to have been based, contains no more specific provisions on the one hand and no more comprehensive language on the other with reference to the exclusion of non-residents than the statute of 1901, which was construed in *State* v. *Bunker,* supra ; and it is a familiar principle of construction that the operation of a penal statute cannot be extended by implication so as to embrace cases which are not plainly included in the express terms and obvious import of the language of the enactment. *Campbell* v. *Rankins,* 11 Maine, 103 ; Endlich on Int. of Stat. sec. 329 ; *State* v. *Bunker,* supra.

It is accordingly the opinion of the court that the vote of the town of Cushing "not to issue licenses to non-residents" was not authorized by the statute of 1905 upon which it purports to have been based.

It is suggested, however, that no question can be made respecting the validity of the remaining portion of the regulation adopted by the town of Cushing, inasmuch as the statute of 1905 upon which it was based, expressly authorizes towns to fix the times in which clams may be taken within their limits, the prices for which licenses therefor may be granted and the number to be issued. And it has not been forgotten that the statute itself also declares that "no person shall take clams within the limits of any towns having so regulated the taking of clams without first obtaining a written license or permit from the municipal officers," etc.

It is true that a by-law or regulation adopted by a town, as well as a statute enacted by the legislature may be valid in part and void in part. *State* v. *Robb,* 100 Maine, 180, and cases cited. "If

when the unconstitutional portion is stricken out that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which was rejected, it must be sustained." Cooley's Const. Lim., 211. But this cannot be done when it would violate the legislative intent. *State* v. *Mitchell*, 97 Maine, 66.

In the case at bar it is not in controversy that the statute of 1905 authorized the vote of the town to "issue 150 licenses" and to fix the "price for licenses at 25 cents." But it is manifest that this regulation was not adopted for the purpose of obtaining the revenue to be derived from such small license fees. One of the leading purposes of it undoubtedly was to prohibit non-residents from taking clams in that town by depriving them of the privilege of applying for a license and thus subjecting them to the statutory penalty for digging clams without a permit from the selectmen of the town. But the regulation is invalid as to non-residents. They may take clams in the town of Cushing without a permit from the selectmen and without incurring any statutory penalty. The enforcement of the regulation against the inhabitants of the town, under such circumstances, would undoubtedly defeat the purpose of the voters in adopting it. It would work a practical discrimination against the inhabitants of the town and in favor of non-residents. The prohibition against non-residents was an essential element in the scheme, and when that is stricken out the remainder cannot be executed so as to effectuate the intention of the voters of Cushing. *State* v. *Montgomery*, 94 Maine, 192. The regulation being unauthorized and void, there is no legal support for this prosecution, and the entry must be,

*Judgment for the defendant.*