MOUNT VERNON TELEPHONE COMPANY, In Equity,

*vs.*

FRANKLIN FARMERS' CO-OPERATIVE TELEPHONE COMPANY, et als.

Kennebec.     Opinion February 12, 1915.

*Equity.   Injunction.   Nuisance.   Permit.   Public Roads.   Private Lands.*
*R. S., Chap. 55, Sec. 17.*

The defendant, Franklin Farmers' Telephone Company, maintains a telephone line in the town of Vienna, without a written permit having been granted them by the municipal officers of the town to construct its lines upon and along the highways and public roads of the town, as required by R. S., Chap. 55, Sec. 17.

*Held:*

1.   That in this statute the word "upon" includes crossing a way by the wires; therefore, the erection and maintenance of the defendant's wires across highways and public ways were contrary to law.

2.   Where wires and poles erected and maintained in accordance with the statutes are declared by R. S., Chap. 55, Sec. 17, to be deemed legal structures, it cannot be held by inference that those not so erected and maintained are nuisances, since the statute is in derogation of the common law and therefore, must be construed strictly.   It cannot be enlarged by implication.

3.   Under the testimony as to the height of the wires, the manner in which they are strung and their failure to obstruct or interfere with the proper use of the highways and public roads by the traveling public, it cannot be said that they are nuisances as matter of law.

On report.   Bill dismissed as to all defendants.   Defendants not to recover costs.

Bill in equity.   The plaintiff asks the court to enjoin the operations of the defendants.   The defendants have no written permit by the municipal officers of the town to that company to construct its lines upon and along the highways and public roads of the town, as required by statute.   Answers were duly filed.   The case was reported to the Law Court for decision upon the bill, answer and agreed statement of facts.

The case is stated in the opinion. ·

*Williamson, Burleigh & McLean,* for complainants.

*W. R. Pattangall,* for defendants.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

PHILBROOK, J. This is a proceeding in equity. Among the defendants named in the bill is the Kennebec Farm and City Telephone Company, but by agreement of parties the bill has been dismissed without costs as to that company, thus leaving as defendants the Franklin Farmers' Co-Operative Company and certain individuals all of whom are residents of Vienna in the County of Kennebec.

The plaintiff company, admittedly, has conducted and is conducting a telephone business in the towns of Vienna and Mount Vernon, and in other towns in said Kennebec County, and has the right to erect poles and wires, and construct its lines, under written permits from the Selectmen of Vienna, upon, along, over and across the various highways and public roads in said town of Vienna.

· The plaintiff avers that neither the defendant company nor the individual defendants, have any lawful authority to erect telephone lines or to set poles, or string wires upon, along, over, under, or across any of the highways and public roads in said town of Vienna, but that notwithstanding such lack of authority the defendants have set poles, strung wires and constructed telephone lines upon, along, over and across the highways and public roads of the said town of Vienna, and intend to further extend said telephone lines upon, along, over and across the highways and public roads of said town of Vienna. ·The plaintiff avers that the poles and wires thus erected by the defendants are upon private lands, and follow the highways of Vienna for the most part, but say that at certain points these wires are strung from poles on private land on one side of the highway, to poles on private land on the other side, and are thus strung "across" the highways. It is also averred that the wires of the defendants cross those of the plaintiff at certain places and thereby seriously damage and interfere with them. ·

The defendants do not deny the erection of poles and wires as alleged by the plaintiff but say they are acting within their legal rights, since they are on private land, and further say that they are

not inhibited by law from stretching wires "across" a public highway from pole to pole standing on such private lands on opposite sides of the highway.

The plaintiff asks this court by injunction to prevent the defendants from conducting a telephone business over any lines where any part of them "are constructed upon, along, over, under or across any of the highways and public roads of said town of Vienna;" also to prevent the defendants "from erecting any posts, or poles, or stringing any wires, or constructing telephone lines upon, along, over, under or across any of the highways and public roads of said town of Vienna."

The case comes to us on report for decision upon the bill, answer, and the following agreed statement of facts:

"It is admitted that A. W. Hall, Frank French, Ernest French, Samuel Gordon, Corry Dunn, R. E. Swift, William Richards, L. L. Riggs, Abbie Hall and Frank Roberts have partially erected and propose to complete and maintain a private telephone line in the town of Vienna connecting their several homes each with the other, the poles being set on private land and the wires running from pole to pole over private land except that at certain points said wires connecting poles cross the highways at points from twenty to twenty-three feet above the surface thereof. The above named defendants are also connected by contract with the said Franklin Farmers' Co-Operative Telephone Company and thence with the outside world.

It is agreed that if the erection and maintenance of said wires by the above named defendants in the manner above described is illegal or constitutes a nuisance, this bill shall be sustained against these defendants, nominal damages shall be assessed by the court and an injunction issued against them as prayed for, otherwise the bill to be dismissed as to said above defendants.

It is admitted that the Franklin Farmers' Co-Operative Telephone Company has erected and now maintains and proposes to maintain a telephone line in the town of Vienna, the poles being set on private land and the wires running from pole to pole over private land except that at certain points said wires connecting said poles cross the highways at points from eighteen to twenty-two feet above the surface thereof, and it is agreed that if the erection and maintenance of said wires in the manner above described is illegal and constitutes a nuisance this bill shall be sustained against said Franklin Farmers'

Co-Operative Telephone Company, nominal damages to be assessed by the court and an injunction issued against them as prayed for, otherwise this bill to be dismissed as to said company.

If the court find the wires as erected and maintained and proposed to be erected and maintained constitute a nuisance, it is agreed that the plaintiff has suffered special damage because of said wires, but if the court find that said wires do not constitute a nuisance the plaintiff makes no claim of special damage."

As a fundamental proposition on which to base this proceeding the plaintiff calls our attention to R. S., Chap. 55, Sec. 17, which forbids not only corporations engaged in the telephone business, but also individuals engaged in such business, from constructing lines "upon and along" highways and public roads without permission in writing from mayor and aldermen, in case of cities, from selectmen, in case of towns, or from county commissioners, in case of plantations and unorganized townships, specifying the kinds of poles to be used, where and how they are to be located and set, and the height of the wire above the ground. The defendants reply as already suggested that their wires are "across" the highways and public roads, and that the words "upon and along" are not synonymous with or equivalent to the word "across." With reference to the meaning of these terms in this particular statute it is significant to note that we borrowed the same from the statutes of Massachusetts in the year eighteen hundred eighty-five. Only a year before that time the Supreme Court of that State in *Banks* v. *Highland Street Railway*, 136 Mass., 485, said "In this statute, the word 'upon' includes crossing a way by the wires." We must assume that our legislature was familiar with this interpretative ruling and adopted it when the statute in question was passed. We also adopt it and declare that in the statute, under consideration the word "upon" includes crossing a way by the wires. This disposes of one contention of the defendants, for we have no hesitation in saying that the erection and maintenance of the defendants' wires across the highways and public ways, in the manner admitted, were contrary to law.

Conceding this illegal erection and maintenance of defendant's wires, can the plaintiff prevail in this cause. In other words has this court jurisdiction in equity upon motion of this plaintiff to enjoin such maintenance or to forbid future action of the same kind.

The plaintiff claims that these wires constitute a nuisance and assigns this claim as the chief ground of equity jurisdiction in its behalf as evidenced by the agreed statement. Wires thus erected and maintained are not declared by statute to be nuisances. Wires and poles erected and maintained in accordance with statute provisions are declared by R. S., Chap. 55, Sec. 17, to be deemed legal structures, and the plaintiff urges that we should hold by inference that those not erected and maintained in accordance with statute provisions are nuisances. But the statute is in derogation of the common law and must be construed strictly; it cannot be enlarged by implication. *Houlton* v. *Titcomb*, 102 Maine, 272. The plaintiff relies upon the last named case in support of its contention as to nuisance but in doing so overlooks the fact that the statute in that case had expressly declared buildings, erected contrary to an ordinance then under consideration, to be nuisances. The application made by the plaintiff to this case, where the wires have not been declared, by law to be nuisances, obviously fails. The case of *Lang* v. *Merwin*, 99 Maine, 487, cited by plaintiff, is also inapplicable for the same reason. In that case injunction was sought to restrain the use of a gambling machine, a thing declared by statute to be a nuisance. In support of its claim that wires erected and maintained, as in this case, are nuisances, the plaintiff also cites *Banks* v. *Highland Street Ry. Co.*, supra, claiming that case to hold. "that a wire across a street, being erected contra to the provision of a statute similar to ours, was a nuisance;" but a more careful examination shows that an employee was carrying the wire, looped across the street, and the court said "the wire, at least while looped across the street, so that it might be hit by passing carriages, was a nuisance, which any person lawfully travelling on the way, and incommoded by it, might remove." A state of affairs so materially different from the case at bar cannot be said to throw light on this discussion.

The wires of the Franklin Company, one of the defendants, appear to have been in use for eight years, at a height of from eighteen to twenty-two feet from the surface of the ground, and nothing has been introduced in the record to show that they have in any way interferred with or obstructed public travel. The wires erected, and proposed to be erected, by the individual defendants, are from twenty to twenty-three feet from the ground. We cannot say as matter of law that these wires of either the Franklin Company or the individual

defendants constitute a nuisance, nor has the plaintiff satisfied us that they have been declared so by any statute, city ordinance or town by-law.

Failing to find that these wires constitute a nuisance, as erected and maintained, we must dismiss the bill in accordance with the stipulation of the parties in the agreed statement. Since the erection and maintenance of the wires across highways and public ways are in violation of law we think the defendants should not recover costs.

*Bill dismissed as to all defendants.*