MICHAEL A. VIRACOLA, PROSECUTOR, v. COMMISSION-
ERS OF THE CITY OF LONG BRANCH, BOARD OF
HEALTH AND NORMAN S. TICE, RESPONDENTS.

Argued April 26, 1923—Decided May 3, 1923.

**Municipal Contracts—Under Act of 1917—Ordinance Relating
to Removal of Ashes—Budget Provisions—Filing Trade
Name—Liability for Failure—Contracts not Affected Thereby.**

On application for writ of *certiorari*.

Before Justices KALISCH, BLACK and KATZENBACH.

For the prosecutor, *William L. Edwards* and *Leo J.
Warwick*.

For the city of Long Branch, *Thomas P. Fay*.

For Norman S. Tice, *Reilly, Quinn & Parsons*.

PER CURIAM.

This is an application for a writ of *certiorari* to review the
award of a contract for the disposal of garbage and ashes
made by the board of commissioners of the city of Long
Branch to Norman S. Tice, trading as Norman S. Tice &
Company. The contract is for a period of five years. The
payment for the first year is $21,000. Thereafter there is an
annual increase of $500.

The prosecutor contends, first, that under an amendment
of article 11 of the Home Rule act of 1917, known as chapter
163 of the laws of 1918 (*Pamph. L., p.* 478), the board of
commissioners of Long Branch were without authority to
make this contract, because prior to the making thereof the
board of commissioners had not passed an ordinance au-
thorizing an appropriation sufficient to meet the costs of
carrying out the provisions of such contract. It is conceded
by the prosecutor that the board of commissioners had power
to make a five-year contract, provided the ordinance was

passed. The 1918 amendment, so far as pertinent, reads as follows:

"No municipality shall enter into any contract whatsoever, the cost of which is to be met by funds other than those included in the budget of appropriations for the year, unless prior thereto there shall have been regularly adopted by the governing body of such municipality an ordinance authorizing an appropriation sufficient to meet the cost of carrying out the provisions of such contract; *provided,* this section shall not affect the use of funds of departments, such as water departments, for the operation of which budget appropriations are not made."

The amount required to pay for the removal of garbage and ashes for the first year is included in the budget for the year 1923. We are of the opinion that the above section does not require the passage of an ordinance, whereas, in this case, the sums necessary to meet the obligations under the contract are included in the annual budget, and that this is the meaning of the clause in the section above quoted, reading, "the cost of which is to be met by funds other than those included in the budget of appropriations for the year."

The second point contended for by the prosecutor is that the contractor, Norman S. Tice, who traded as Norman S. Tice & Company, had not, at the time of the awarding of this contract to him, complied with chapter 240 of the laws of 1906, which provides that any person who transacts business using the distinction "& Co." shall file a sworn statement in the office of the clerk of the county within which such business is conducted, stating the nature of the business and the full names and residences of all persons, if any, who are members of the partnership. The failure of Norman S. Tice to comply with this statutory provision did not invalidate the contract. It merely subjected him to the penalty provided in the statute. *Ruthkowsky* v. *Bozza,* 77 *N. J. L.* 724.

We see no sufficient grounds for the awarding of a writ of *certiorari* to review this contract. The application is therefore denied.