HAROLD LIPMAN, FRANK LIPMAN
& BERNARD LIPMAN, DBA LIPMAN
POULTRY CO.

*vs.*

JARVIS THOMAS

Penobscot.    Opinion, August 25, 1948.

*Abraham M. Rudman,*
*Francis A. Finnegan,* for plaintiff.

*Thomas F. Gallagher,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ. MURRAY, A. R. J.

TOMPKINS, J. On exception by defendant. This is an action on account annexed, for goods, stock and equipment supplied by the plaintiffs to the defendant, Jarvis Thomas. The articles charged in the account were supplied between April 10, 1946 and July 30, 1946. The plaintiffs were Harold Lipman, Frank Lipman and Bernard Lipman, doing business as Lipman Poultry Co., at Bangor, Maine, and were engaged in buying and selling poultry. The defendant secured from the plaintiffs directly, or from various sources on the plaintiffs' credit, the articles enumerated in the account. Plea, the general issue.

The case was tried before a jury and at the close of the evidence defendant's counsel made a motion for a directed verdict. The presiding justice denied the motion and exceptions were reserved. The jury returned a verdict for the plaintiffs.

The defendant thereafter seasonably filed his bill of exception to the refusal of the presiding justice to direct a verdict. His exception is based on the sole ground that the plaintiffs had failed to file a partnership certificate with the city clerk of the city of Bangor as provided by Sec. 4 of Chap. 167 of the R. S. 1944 of Maine. The only question involved is whether the failure of the plaintiffs to comply with the provisions of the statute prevented recovery.

The material facts are not in dispute. The plaintiffs did not file the certificate of partnership as required by the statute. The evidence is conclusive that the defendant received the articles set forth in the account and there was no dispute as to price or credits, and such was the verdict of the jury.

The exception raises the question of the construction of Secs. 4 and 8 of Chap. 167 of the R. S. This question has never before been directly before this court. Sec. 4, as far

as it relates to this case, provides: "Whenever two or more persons become associated as partners or otherwise for the purpose of engaging in any mercantile enterprise, they shall, before commencing business, deposit in the office of the clerk of the city or town in which the same is to be carried on, a certificate signed and sworn to by them, setting forth their names and places of residence, the nature of the business in which they intend to engage, and giving the name under which they are to transact business . . . . ." Sec. 8 provides the penalty: "Whoever fails to deposit seasonably the certificate required by section 4 . . . . . shall be punished by a fine of $5 for each day he is in default."

The plaintiffs in associating as partners were exercising an ancient common law right. As a general rule, in the absence of statute, an individual or partnership may adopt any name it sees fit under which to transact a legitimate business, and contracts so entered into will be valid and binding if unaffected by fraud. *Ex parte First National Bank of Portland,* 70 Me. at 380; *Bath Motor Mart* v. *Miller,* 122 Me. 29; 118 Atl. 715; *William Gallagher Co.* v. *Casey, et al,* 205 Mass. 26; 91 N. E. 124; *Huey v. Passarelli,* 267 Mass. 578; 166 N. E. 727.

The transcript of the case does not disclose that there was any fraud or illegality in the transaction other than the failure to comply with Sec. 4 of Chap. 167 of the R. S. The record does not show that the defendant was in any way injured by the failure of the plaintiffs to comply with the statutes. The defendant urges that the plaintiffs' noncompliance with the statute invoked, so tainted with illegality an otherwise perfectly legitimate transaction, as to prevent recovery. The statute is penal in its nature and in derogation of the common law. It is to be strictly construed. *Campbell* v. *Rankin,* 11 Me. 103; *Rounds* v. *Stetson,* 45 Me. 598; *Wing* v. *Weeks,* 88 Me. 118; 33 Atl. 779; *State* v. *Bunker,* 98 Me. 389; 57 Atl. 95; *State* v. *Wallace,* 102 Me. 232; 66 Atl. 476; *State* v. *Peacock,* 138 Me. 339; 25 Atl. (2nd) 491.

The statute being in derogation of the common law is not extended by implication. *Wing* v. *Hussey,* 71 Me. 188; *Lyon* v. *Lyon,* 88 Me. 404; 34 Atl. 180; *Haggett* v. *Hurley,* 91 Me. 553; 40 Atl. 561; 41 L. R. A. 362; *State* v. *Peabody,* 103 Me. 332; 69 Atl. 273; *Mount Vernon Telephone Co.* v. *Franklin Farmers Co-operative Tel. Co., et als.,* 113 Me. 50; 92 Atl. 934; Ann. Cas. 1917B 649.

The fundamental rule in the construction of a statute is legislative intent. *Craughwell* v. *Mousam River Trust Co.,* 113 Me. 535; 95 Atl. 221. As an aid in ascertaining legislative intent the court will "Look at the object in view, to the remedy to be afforded and to the mischief intended to be remedied." The language of the statute "Is regarded in law as the vehicle best calculated to express the intention of the legislature," such intention, however, cannot be ascertained by adding to or detracting from the meaning conveyed by the plain language used. *Tremblay* v. *Murphy,* 111 Me. 38; 88 Atl. 55; 61 Ann. Cas. 1915B 1074.

The primary purpose of the statute was to enable persons dealing with individuals transacting business under a partnership or assumed name to know or be able to ascertain from a public record, the name or names of those with whom they are dealing and the nature of the business in which they are engaged. From this record an investigation of the financial responsibility of the partnership and the individuals composing it may be made, and whether the particular business to be transacted is within the scope of the partnership. The statute sought to protect the public against fraud and deceit in extending credit. It was not intended to protect those who obtained credit from the partnership. *Cumberland County P. & L. Co.* v. *Gordon,* 136 Me. 219; 7 Atl. (2nd) 619; *Segal* v. *Fylar et als.,* 89 Conn. 293; 93 Atl. 1027; L. R. A. 1915E 747; *Rutkowsky* v. *Bozza,* 77 N. J. L. 724; 73 Atl. 502; *Gay et al.* v. *Seibold,* 97 N. Y. 472; 49 Am. Rep. 533; *Huey* v. *Passarelli,* 267 Mass. 578; 166 N. E. 727.

The statute does not disclose directly or by implication that it was the intention of the Legislature to invalidate business transactions otherwise valid because of the failure of the plaintiffs to comply with its provisions. The statute does not declare the transaction void. It does not forbid doing business before complying with its provisions. It does not forbid recovery. It does not provide for forfeiture. "The prohibition of the statute extends to the use of a name not his own. It does not extend to the business done or contract made." *Segal* v. *Fylar, supra.*

The failure of the plaintiffs to file the certificate merely subjected them to the penalty provided, namely, a fine of $5 for each day of noncompliance after commencing business. No further penalty is attached. *Viracola* v. *Commissioners of Long Branch et al., Supreme Court of New Jersey,* 1 N. J. Misc. 200; 142 A. 252; *Rutkowsky* v. *Bozza, supra; Huey* v. *Passarelli, supra; Kusnetsky* v. *Security Ins. Co.,* 313 Mo. 143; 281 S. W. 47; 45 A. L. R. 189; *Segal* v. *Fylar et als, supra; Haynes* v. *Providence Citizens Bank & Trust Co.,* 218 Ky. 128; 290 S. W. 1028; 59 A. L. R. 450.

Defendant cites several cases in support of his contention. An examination of these cases denying recovery discloses that in *Buxton* v. *Hamblen,* 32 Me. 448, suit was brought against defendant for not completing a sale of unbranded hay. The statute provided for forfeiture of unbranded hay offered for sale or shipment. In *Lord* v. *Chadbourne,* 42 Me. 429; 66 Am. Dec. 290, the statute forbids an action of any kind for the recovery of spirituous liquors or their value. In *Durgin* v. *Dyer,* 68 Me. 143, the sale of unbranded hoops was by statute forbidden and a penalty added. In *Richmond* v. *Foss,* 77 Me. 590; 1 Atl. 830, the decision was governed by the same statute as in *Durgin* v. *Dyer.* In *Nelson* v. *Beck,* 89 Me. 264; 36 Atl. 374, recovery was prohibited by statute. In *Randall* v. *Tirrell,* 89 Me. 443; 36 Atl. 910; 38 L. R. A. 143, the decision is based on public policy and the prohibitory character of the statute. The purpose of the statutes involved in these cases would be wholly

thwarted unless the contracts were held void, and are not therefore decisive of the case at bar.

We cannot conceive that it was the intention of the Legislature that a debtor should escape payment of an otherwise legal debt because the creditor has by adopting a name other than his own rendered himself liable to a fine through failure to file the required certificate. The purpose of the statute is effected when we interpret its plain language to mean only that the failure to file the required certificate before commencing business subjects the offending party to the penalty of a fine.

*Exception overruled.*