## HUGH MONAGHAN *vs.* ISAAC P. LONGFELLOW.

Washington.   Opinion February 9, 1889.

*Chattel Mortgage.   Record.   Notice.   R. S., c. 91, § 2.   Town clerk.*

A chattel mortgage is to be considered as recorded, when received by the town clerk for record, even though the mortgage be not actually spread on the record book, and the time of reception is not noted on the record book, *provided*, the mortgage remains on file.

The town clerk is liable to any person injured by his delay in recording.

ON EXCEPTIONS.   Replevin of a buggy wagon.   The material question was whether the mortgage under which plaintiff claimed was duly recorded.   The presiding justice ruled that the recording was not sufficient, and the plaintiff excepted.

The facts are stated in the opinion.

*J. F. Lynch*, for plaintiff.

Mortgage shall be considered as recorded when received. R. S., c. 91, § 2.

After delivery and entry, the effect is the same as if actually spread upon the record.   The purpose of the law is to give notice to all persons interested, and applies when the mortgage is left with the clerk until recorded.   *Jones* v. *Parker*, 73 Maine, 248, 251.

Notice:   *Denny* v. *Lincoln*, 13 Met. 200.   Certificate of town clerk, not impeachable.   *Ames* v. *Phelps*, 18 Pick. 314.

*C. B. Donworth*, for defendant.

The instrument properly known as a Holmes' note, which is relied on by plaintiff as the basis of his title is a statute mortgage. R. S., c. 111, § 5; c. 91, § 7; *Shaw* v. *Wilshire*, 65 Maine, 485; and was not recorded at time of defendant's attachment of the buggy as the property of John W. Elsmore.   It is both admitted and proved that the name of John W. Elsmore as promisor was not affixed to the record until after the attachment ; the record therefore lacked the essential element of a note, i. e., the signature, hence the note was not recorded.

But if there was a constructive record of the note, the case does not show that it was in the proper place. The instrument should have been recorded in the city, town or plantation in which Elsmore resided. R. S., c. 91, § 1. And this means where he resided at the time of making the contract. *Bither* v. *Buswell,* 51 Maine, 601. No evidence was introduced touching Elsmore's place of residence at that time. No legal inference of residence in Wesley in the year 1886 can be drawn from proof of residence there in the year 1887.

Defendant did not have actual notice of the incumbrance before attachment. To amount to actual knowledge the notice must be "full, clear and explicit," and should impart "the same information as would be given by an inspection of the instrument." *Denny* v. *Lincoln,* 13 Met. 200.

But if defendant had actual notice, such notice does not make the incumbrance valid as against him. The language and intent of the statute is plain, and it provides that an agreement made part of a note such as is here relied on shall not be valid against third parties "unless it is recorded like mortgages of personal property." R. S., c. 111, § 5. *Rich* v. *Roberts,* 48 Maine, 548 ; *Sheldon* v. *Connor,* 48 Maine, 584 ; *Travis* v. *Bishop,* 13 Met. 304 ; *Bingham* v. *Jordan,* 1 Allen, 373 ; *Shaw* v. *Wilshire, supra.*

EMERY, J. The plaintiff had a mortgage bill of sale, in the form of a "Holmes' note," of the wagon he replevied from the defendant. The defendant, an officer, represents an attaching creditor of the mortgagor. The plaintiff passed his mortgage to the proper town clerk for record under R. S., c. 91, § 2. The town clerk noted on the mortgage the following : "Entered Nov. 8, 1886. Recorded in Book 2, p. 181." He began a record at that time but did not complete it, as he omitted the name of the mortgagor. He did not note in the record book, the date of his receiving the mortgage. The mortgage itself with the above indorsement, remained with the town clerk at the place where he kept his official records and files. In this condition of things, the defendant March 16, 1887, attached the wagon as the property of the mortgagor, the mortgage still remaining with the town clerk as above stated.

The question is, whether the mortgage "shall be considered as recorded" prior to the date of the attachment; whether the omission of the town clerk to note in the record book the time when the mortgage was received prevents the mortgage being "considered as recorded when received?"

It is purely a question of statute construction, since the efficacy of the record depends solely upon statute; but the statute being one regulating a business transaction, is to be read in the light of common business practice.

The first statute upon the subject, (1839, c. 390, R. S., 1841, c. 125, § 30,) provided that the clerk should note in the record book and on the mortgage, "the time when the same was received, and it shall be considered as recorded when left as aforesaid with the clerk." In *Handley* v. *Howe*, 22 Maine, 560, the court was divided upon the question. A majority held that the mortgage could not be considered as recorded until the clerk had noted the time of reception in the record book, as well as upon the mortgage. Much stress however was laid upon the words "left as aforesaid" in that statute. The mortgage was not to be "considered as recorded when left * * * with the clerk," but "when left as aforesaid with the clerk." This language was thought to postpone the protection of a mortgage, by record, till after the entry in the record book.

At the next revision of the statutes, after this decision, the language of this section was materially changed. The words "as aforesaid" which seemed to the court so important in that case were omitted, and it was then, as now, expressly and unqualifiedly declared, that the mortgage should "be considered as recorded when received." R. S., 1857, c. 91, § 2. The case of *Handley* v. *Howe* therefore should not conclude the construction of the present statute.

In a later case *Jones* v. *Parker*, 73 Maine, 248, it was recognized, that the noting of the time in the record book, cannot well be made until the mortgage is in fact recorded. The court, on page 250, said, "the entry of the time received, in the book where it is recorded, is required by law, but need not, perhaps cannot, be made until actually recorded," and again on page 251, the court

said, "The statute evidently contemplates that the record will not at once follow the delivery, else there would be no occasion for the provision, 'it shall be considered as recorded when received.'" The town clerk had noted the time of reception on the mortgage, and also on an index book or "entry book," but had not recorded the mortgage, nor made any note of its reception on the record book. Before the attachment, the mortgagee withdrew the mortgage from the clerk's office. The court held that the noting in the index or entry book was not the noting in the record book, which the statute required, but intimated that if the mortgage itself had remained in the clerk's office, the mortgagee would have been protected against the attachment. The decision against the mortgagee was expressly put on the ground that he had withdrawn his mortgage, before record and before attachment.

We think the opinion in the case cited suggests the right construction of the statute. It is evident, that mortgages cannot always, or often, be recorded as soon as received by the clerk, and that, if the mortgagee cannot be protected until actual record is made, he must often suffer loss, without fault of his. The statute therefore, declares that the mortgage "shall be considered as recorded when received." It is essential to save disputes, that the time of such reception should be fixed, and officially noted ; hence the statute requires the clerk to note the time, on the mortgage, and also in the record book. These statute provisions enable the inquirer to always ascertain the time when the mortgage was received, and when it should be considered as recorded. If the mortgage be actually recorded, the inquirer finds the time of reception noted in the record. If the mortgage is not in fact recorded, but is on file, he finds the time noted on the mortgage itself. There is need of noting on the mortgage, at once when received, but there is no need of noting the time in the record, until the record is actually made. If there be no actual record, the inquirer looks to the files of mortgages, and there finds all he requires to know. If there be an actual record, that alone should show everything needful, as was said in the case last cited. A noting of the time of reception, in the index, or entry book, may be a convenience, but it is superfluous. The statute

seems to contemplate a noting of the time, in the record, and as a part of the record, and hence not to be done until the record is actually made. In the meantime, the mortgage itself, with the noting upon it, by remaining on the files, serves as a record.

Comparison of statutes often throws light upon the legislative intent. A difference of language in statutes upon kindred subjects indicates a different intent, as similar language indicates a similar intent. In R. S., c. 7, § 15, it is enacted that, "the register of deeds shall, at the time of receiving any deed or instrument for record, minute thereon the day and time of day when it was received and filed," and that "every such paper shall be considered as recorded at the time when such minute is made." This language expressly fixes the time of the making the minute, not the time when received, as the beginning of the protective power of the record. The language of the statute under consideration is noticeably different. Here, it is stated with equal positiveness that the paper "shall be considered as recorded when received."

Again, R. S., c. 81, § 26, providing for the preservation of attachments of personal property, by filing copies thereof, in the town clerk's office, enacts that the, "clerk shall receive the copy, — noting thereon the time,—enter it in a suitable book," etc. It does not state like c. 7, § 15, that the effect of filing shall date from the time of the noting, or entering by the clerk, and we accordingly held in *Lewiston Steam Mill Co.* v. *Foss*, *post*, that the time of the filing by the officer was the criterion of priority.

In the case at bar, the attaching creditor finding no record on the record book, (for in this case the attempted record was null) should have remembered that mortgages are not recorded until after they are received, and that some time may elapse between their reception and actual record, and that they yet are to be "considered as recorded when received." An inspection of the files of mortgages would have shown him this mortgage received for record, and the time of its reception duly noted upon it. He cannot insist that the time shall be noted upon the record, before a valid record is made.

The language of the note upon the mortgage is "entered" instead of "received," but there can be no doubt that an inquirer

would understand from the whole noting, that the mortgage was received for record on the day named, and that the town clerk intended thereby to state the day of reception. We cannot expect precision of language from clerks of small towns.

The question is mooted as to how long a clerk may delay actual record, and still the mortgage be considered as recorded while on file. It is not necessary to solve that question here. Undoubtedly, the clerk is responsible to any party injured by his unreasonable delay.

We have discussed this question at some length, because of the opinion in *Handley* v. *Howe, supra,* upon which the defendant relied. We think that opinion should not conclude us in construing the present statute. Our conclusion is, that the mortgage in this case, must "be considered as recorded when received," to wit, Nov. 8, 1886, and that, having remained on file, it prevails against the attachment. The ruling to the contrary was erroneous.

*Exceptions sustained.*

PETERS, C. J., DANFORTH, LIBBEY, FOSTER and HASKELL, JJ., concurred.