Fred G. Hayden *vs.* Manville D. Russell and R. Lee Killman.

Piscataquis.    Opinion March 24, 1920.

*Unrecorded chattel mortgage. Subsequent purchaser or mortgagee for a valuable consideration holds as against an unrecorded mortgage, even with notice, in absence of fraud.*

The statute relating to the effect of recording chattel mortgages in this State has always been construed strictly.

*Held:*

That in case of personal property a subsequent purchaser or mortgagee for a consideration valid between the parties, as a security or part payment of preexisting indebtedness, even with notice of a prior encumbrance, unless actual intent to defraud is shown, may hold over the prior encumbrance if unrecorded.

This is an action of trover to recover the value of a horse, on which plaintiff held an unrecorded chattel mortgage to secure the payment of a note for forty-five dollars.

Plea, the general issue. Defendants purchased the horse of one Hersey without notice of the unrecorded mortgage to the plaintiff. At nisi prius the case was submitted to the court on an agreed state-

ment of facts. The court ordered judgment for the defendants, to which ruling the plaintiff took exceptions. Exceptions overruled.

Case stated in the opinion.

*Hudson & Hudson*, for plaintiff.

*W. B. Pierce*, for defendants.

SITTING: SPEAR, HANSON, PHILBROOK, WILSON, DEASY, JJ.

WILSON, J. An action of trover to recover the value of a horse, which the plaintiff sold to one Hersey, taking back a note for forty-five dollars in part payment and a chattel mortgage on the horse as security. Hersey was permitted to retain possession of the horse, but the plaintiff failed to record his mortgage. Afterward Hersey sold the horse to the defendants, and received therefor credit to the amount of thirty-five dollars on account of pre-existing indebtedness due them. The defendants took the horse without notice of the unrecorded mortgage to the plaintiff. The case at *nisi prius* was submitted to the court on the above facts by agreement of parties. The court ordered judgment for the defendants. To his ruling exceptions were taken by the plaintiff, and the case is now before this court on exceptions.

The plaintiff contends that under the recording act relating to chattel mortgages, Sec. 1, Chap. 96, R. S., a purchaser to take precedence over an unrecorded chattel mortgage must be a *bona fide* purchaser; that to constitute a *bona fide* purchaser as to prior equities there must be a new consideration moving between the parties; and that merely receiving a conveyance of a chattel in part payment of a pre-existing indebtedness is not sufficient to constitute one a *bona fide* purchaser against a prior unrecorded mortgage.

The question is one of new impression in this State. With respect to conveyances of real estate this court has adopted the rule contended for by the plaintiff, which is the law in most of the other States. *Bragg* v. *Paulk*, 42 Maine, 502, 517. 11 Corpus Juris 518, Section 194, and cases cited. Courts of acknowledged standing, however, have held, even where the recording act declared unrecorded mortgages void against a subsequent mortgagee "in good faith," that a mortgagee whose mortgage was given to secure a pre-existing debt was a "mortgagee in good faith" as to a prior unrecorded mortgage. *Vanaman* v. *Fliehr*, 75 N. J., Eq., 88; also see *Frey* v. *Clifford*, 44 Cal., 335, and *Worley* v. *Met. Motor Car Co.*, 72 Wash., 243, 246.

Neither of the recording acts of this State have ever expressly limited the subsequent purchasers or mortgagees who could take in preference to prior unrecorded conveyances or encumbrances by the words "in good faith" or "for a valuable consideration." Originally they both read substantially alike. Chap. 36, Sec. 1, Laws 1821; Chap. 390, Laws 1839. Their purpose has been held to be the same. *Griffith,* v. *Douglass,* 73 Maine, 534. They have been construed, however, along different lines.

There appears to have been no construction by the court of the chattel mortgage recording act prior to the revision of 1841, but the statute relating to the recording of real estate conveyances had already received a liberal construction as to the good faith required of subsequent purchasers in order to take in preference to unrecorded deeds; and even constructive notice of the unrecorded conveyance was sufficient to prevent a subsequent purchaser or mortgagee from holding against it. *Matthews* v. *Demerritt,* 22 Maine, 312. *McKecknie* v. *Hoskins,* 23 Maine, 230; this court apparently following the interpretation of the Massachusetts statute by the court of that State from which our statute was adopted. *Norcross* v. *Widgery,* 2 Mass., 505.

And in the revision of 1841, Chap. 91, Sec. 26, to the recording act relating to real estate, which before provided that no unrecorded deed should be effectual except against the grantor, the Legislature added the further exception: "or persons having actual notice thereof," thus adopting the construction of the court, but limiting it to persons having "actual notice." The recording act relating to chattel mortgages, however, remained as before; that an unrecorded chattel mortgage is invalid except between the parties. Chap. 125, Sec. 32, R. S., (1841).

As a result the court inferred from this that it was the intent of the Legislature that the statute relating to chattel mortgages should be construed literally, and held in *Rich* v. *Roberts,* 48 Maine, 548, that an unrecorded mortgage of chattels was invalid as to a subsequent purchaser or mortgagee even with actual notice of the unrecorded encumbrance. While by reason of the terms of their recording acts, or more liberal construction by the courts, the rule as to the effect of notice is otherwise in most of the States, some of the States with statutes of similar tenor as Sec. 1, Chap. 96, R. S., have construed them strictly. *Long* v. *Cockern,* 128 Ill., 29; *Kohreman* v. *Dunbar,* 152 Ill.,

A. 34; *Franklin Nat. Bank* v. *Whitehead*, 149 Ind., 560; *Longey* v. *Leach*, 7 Vt., 377; *Travis* v *Bishop*, 13 Met., 304; *Bingham* v. *Jordan*, 1 Allen, 373; *Whitney* v. *Browne et al.*, 180 Mass., 597.

In *Rich* v. *Roberts* supra this court said:

"The revised statutes touching the recording of deeds of real estate has changed the former law so that actual notice of an unrecorded deed to persons making claim to the estate subsequent to its delivery from the same source, alone will postpone the latter to the former. In the statutes requiring the record of mortgages of personal property in order to make them effectual there is no such qualification and it cannot be properly inferred that one was intended against the imperative language used."

This case was soon after followed by *Shelden* v. *Connor*, 48 Maine, 584, tho with a dissenting opinion. It has, however, been later recognized as the law in this State: *Atkinson* v. *White*, 60 Maine, 396, 400; *Garland* v. *Plummer*, 72 Maine, 397, 400. Since the Legislature in the five revisions following that of 1841, in view of the above decisions construing this statute, has made no change in it, we must assume it has approved and adopted the strict literal construction placed upon it by the court.

We cannot regard *Shaw* v. *Wilshire*, 65 Maine, 485; *Horton* v. *Wright*, 113 Maine, 439; or *Martin* v. *Green*, 117 Maine, 138, as overruling this doctrine. The question was not in issue in these cases, as in each case there was a *bona fide* purchaser, i. e. a purchaser without notice, who had parted with a valuable consideration.

Until the Legislature shall indicate a different intent, the court will continue to construe this statute strictly. It is, therefore, held: that in the case of personal property, a subsequent purchaser or mortgagee for a consideration valid between the parties—as a security or part payment of a pre-existing indebtedness—even with notice of a prior encumbrance, unless actual intent to defraud is shown, may hold over the prior encumbrance if unrecorded.

Entry will be:

*Exceptions overruled.*