## BATH MOTOR MART *vs.* JOHN MILLER et al.

### Lincoln.    Opinion November 22, 1922.

*To sustain a common law lien for repairs it must appear that the work was done by*
*contract with or by authority of the owner.    An action may be maintained*
*though brought in an assumed name.    In replevin the party having*
*the better title prevails, as it may be a question of relative*
*rather than of absolute rights.*

In order to lay the foundation for a common law lien for repairs it must appear
that the work was done by contract with or by authority of the owner.

A duly-recorded Holmes note, covering an automobile, gives a title and right of
possession superior to the common law lien of a party who after the record of
the note, by request of the signer thereof makes repairs upon the car.

The Bath Motor Mart (corporation) holding a Holmes note covering an automo-
bile may maintain replevin for the car notwithstanding the note was given to
it under the name Rockland Motor Mart, it appearing the name Rockland
Motor Mart is not the name of a separate corporation or partnership, but is a
name adopted by Bath Motor Mart in carrying on a branch of its business.

On report on agreed statement. An action of replevin for an
automobile. Defendants pleaded title in one Addison L. Shute and
claimed a common law lien for repairs ordered by him. The question
involved was as to whether defendants, without knowledge of the
Holmes note given to plaintiff by said Shute before the repairs were
made, have a common law lien for such repairs made without
the authority or knowledge of plaintiff. Judgment for plaintiff.
Damages assessed at one dollar.

The case is stated in the opinion.

*Charles T. Smalley,* for plaintiff.

*Harold R. Smith,* for defendants.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON,
DEASY, JJ.

DEASY, J. Action of replevin for an automobile. The defend-
ants plead title in one Addison L. Shute and claim a common law
lien for repairs ordered by him.

The plaintiff holds a Holmes note signed by said Shute, duly recorded before the repairs were made or contracted for. The lien is not claimed under R. S., Chap. 96, Sec. 56. The conditions imposed by that statute do not appear to have been complied with. It is not shown that the plaintiff knew that the repairs were being made, or that the defendants before making the repairs had actual knowledge of the Holmes note. Upon the above facts gleaned from the agreed statement the plaintiff is entitled to judgment.

In order to lay the foundation for a common law lien for repairs it must appear that the work was done by contract with or by authority of the owner. "If the party comes into possession of goods without due authority he cannot set up a lien against the true owner." II Kents Comm. 639. "A lien is a qualified ownership and can only be created by the owner or by some person by him authorized." *Doe* v. *Monson*, 33 Maine, 432. See also *Hollingsworth* v. *Dow*, 19 Pick., 230. *Clement* v. *Gould*, (Vt.), 18 Atl., 452. *Small* v. *Robinson*, 69 Maine, 427.

It is urged that when the plaintiff entrusted the motor to the conditional purchaser, with implied knowledge that it was to be used, and would in the natural course of events require repairs, it presumptively clothed him with authority to have repairs made upon the credit of the car itself. But in most cases such a presumption would do violence to the real understanding of the parties to the note. Moreover, the authorities are opposed to this theory.

*Small* v. *Robinson*, 69 Maine, 428; *Sargent* v. *Usher*, 55 N. H., 287; *Hollingsworth* v. *Dow*, supra.

The Holmes note runs to the Rockland Motor Mart. The plaintiff is Bath Motor Mart. For this reason the defendants say that the action must fail. If Rockland Motor Mart were the name of an independent corporation or partnership, no assignment appearing, there might be merit in this defense. But the case fairly shows that Rockland Motor Mart was merely a name which the plaintiff adopted in carrying on the business of its Rockland branch.

An action could have been brought in the name of Bath Motor Mart upon the note payable to it though under an assumed name. *Jones* v. *Home Furnishing Co.*, 41 N. Y. S., 71, 7 Cyc. 567, 14 C. J.— 324— With no less reason the present action is maintainable.

Counsel for the defendants complains that the agreed statement contains no express allegation that the plaintiff ever had title to the automobile or the right to its possession.

But we are concerned with relative not absolute rights.    The facts above recited show that the plaintiff has the prior and better title.

*Judgment for plaintiff.*
.    *Damages assessed at one dollar.*