PETER PAVLICK, APPELLANT, v. REGINALD OLIVER COMPANY, INCORPORATED, ET AL., RESPONDENTS.

Submitted October 17, 1929—Decided January 31, 1930.

Before Justices PARKER, BLACK and BODINE.

For the appellant, *Irving S. Zacharewitz* and *Elmer Friedbauer*.

For the respondents, *Richard M. Glassner* and *Hugo Woerner*.

The opinion of the court was delivered by

BLACK, J. This is a replevin suit brought in the Second Judicial District of Bergen county. It was to recover the possession of one (1) 1927 Dodge roadster automobile, model No. 4.

The case was tried by the court without a jury, resulting in a judgment as follows: "Plaintiff nonsuited as to Reginald Oliver Co., Inc., and judgment for possession for defendant, Manufacturers Finance Corporation."

The plaintiff-appellant files two grounds as specification of determinations with which he is dissatisfied in point of law, viz.:

1. Error by the court in granting a nonsuit against the plaintiff.

2. Error by the court in rendering a verdict of possession in favor of the defendant the Manufacturers Finance Corporation.

The suit grows out of a conditional sales contract dated June 30th, 1928 (*Exhibit D-2*), which was filed in the register's office of Passaic county July 19th, 1928, but not properly indexed.

The conditional vendee was a man named John Clancy, Jr., endorsed Anne F. Wall. He was the judgment debtor through whom the plaintiff took title under an execution at a judicial sale.

The pertinent parts of the conditional sales contract are as follows: "I or we, the undersigned purchaser, do hereby acknowledge having this day received from you [*i. e.,* 'Reginald Oliver Co. Inc., the seller and one of the defendants] the following motor vehicle,' &c. Signed John Clancy, Jr. Endorsed by X Anne F. Wall as above. Signature of Purchaser witness A. Adams, R. L. Slavin.

"The undersigned hereby sells, assigns, transfers to Manufacturers' Finance Corporation at New York, N. Y. [one of the defendants] the within contract, and all right, title and interest in and to the property. Dated June 30th, 1928, signed Reginald Oliver Co. Inc., filed in my office on July 19th, 1928, and now remaining on file in my office. Signed John R. Morris, Register."

The register, after the filing of the conditional sales contract, indexed in the book kept, in the name of Anne F. Wall. The buyer's name, John Clancy, Jr., being omitted. This was wrong. This is the crux of the case. The problem for solution, therefore, is, can the defendant be deprived of its rights, through the act of the register in making a mistake of the name in the index? This in turn depends upon the wording of the statute. *Pamph. L.* 1919, *p.* 461. The title of which is: "An act concerning conditional sales and to make uniform the law relating thereto." The pertinent parts of the statute are as follows: Section five (5), "provisions in a conditional sale, reserving property in the seller, shall be void," &c., "before the contract or a copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale."

Section six (6) provides: "The conditional sale contract or copy shall be * * * filed in the office of the county clerk or register of deeds, * * *. It need not be acknowledged or attested to make it valid."

Section ten (10) provides: "The filing officer shall mark upon the contract or copy filed with him the day and hour of filing and shall file the contract or copy in his office for public inspection. He shall keep a separate book in which he shall enter the names of the seller and buyer, the date of the contract, the day and hour of filing, a brief description of goods, the price named in the contract and the date of cancellation thereof; * * * Such book shall be indexed under the names of both seller and buyer."

Section eleven (11) provides: "The filing of conditional sales contracts provided for in sections five, six and seven shall be valid for a period of three years only."

In 39 *Cyc.* 1739 the rule is stated under which many cases are cited—thus: "In the absence of any statutory provision making the index an essential part of the record, error in making the index, or a total failure to index, does not prevent the record from operating as constructive notice. Where, however, by statute, indexing is required and made

a part of the record, a record not properly indexed does not operate as constructive notice."

In 18 *Corp. Jur.* 251 it is stated: "The index under some statutes is not an essential part of the record." The index constitutes no part of the record. *Curtis* v. *Lyman,* 24 *Vt.* 338, 342.

So, in 23 *R. C. L.* 190, § 47, it is stated: "Indexing the records is obviously a matter of prime importance, but it is not necessary to the validity of an instrument, and the omission of the recorder, to index exactly as provided by statute will not render it invalid." This subject is extensively discussed in the subsequent sections 48, *et seq.*

This court held the failure to note on the margin of the original record of a certificate of tax sale in the book of mortgages by the clerk, a reference to the place where the certificate of sale and affidavits have been re-recorded as a deed, as provided by the statute, cannot be charged against the defendant; under *Pamph. L.* 1918, *p.* 896, § 48; *Fort Lee, &c., Realty Co.* v. *Harrington Co.,* 102 *N. J. L.* 541.

It would serve no useful purpose to pursue this subject at any great length. The subject-matter rests wholly upon the various statutes of the several states, which are dissimilar in terms and phraseology.

The decisions turn upon the statutes under which the controversy arose, as in the case under discussion.

These statutes may be divided into two classes, viz., those statutes the provisions of which make the index an essential part of the record and those which do not. We think the statute (*Pamph. L.* 1919, *p.* 461), the one drawn here into question falls within the latter class. It is the filing by the vendor of the contract and not the indexing by the register or clerk which is the vendor's protection.

We therefore hold, affirming the trial court, that the mistake by the register of the name in the index does not deprive the defendant of its protection. One other point was raised, viz., the sufficiency of the demand made upon the defendant simultaneously at the time of serving the writ of replevin. The authorities are conflicting on this point. 23

R. C. L. 890, § 45. The conclusion which we have reached in· the case renders it quite unnecesasry to discuss or decide this point.

The judgment of the Second Judicial District Court of Bergen ccunty is therefore affirmed, with costs.