ARTHUR G. TEWELES, RESPONDENT, v. CLEARANCE HOLDING CORPORATION, APPELLANT.

Submitted February 13, 1931—Decided October 19, 1931.

For the appellant, *McCarthy & McTague.*

For the respondent, *Charles Hershenstein.*

The opinion of the court was delivered by

HETFIELD, J. This is an action of replevin instituted in the Supreme Court, and was submitted to the trial judge without a jury, upon an agreed statement of facts, from which it appears that the plaintiff sold and delivered to the Magnolia Construction Company, which owned an apartment house in Rutherford, New Jersey, sixty-eight gas ranges at a cost of $2,806 pursuant to and in accordance with a written conditional sales agreement entered into by the parties on February 16th, 1928, which was delivered to and filed by the clerk of Bergen county, on February 18th, 1928. It is admitted that the said agreement was filed prior to the delivery and installation of the ranges, which were afterwards affixed to the realty, but severable therefrom without material injury, and that the plaintiff complied with the terms of the Uniform Conditional Sales act, laws of 1919, chapter 210, page 461. The conditional sales agreement was incorrectly indexed by the county clerk, in that the Magnolia Construction Company, the purchaser of the gas ranges, was indexed as the seller, and the plaintiff, Arthur G. Teweles, the seller, was indexed as the buyer. The Magnolia Construction Company, subsequent to the delivery and installation of the gas ranges, executed and delivered to the Realty Foundation, Incorporated, a mortgage for $65,000, covering the real estate in question, "together with the buildings and improvements, fixtures, equipment and appliances erected or to be erected thereon now or hereafter attached to or used in connection with said premises, all of which are covered by this mortgage." This mortgage was foreclosed, and the property was sold by the sheriff of Bergen county to James A. McTague, Jr., as attorney for the mortgagee, and he afterward transferred it to the Clearance Holding Corporation, the defendant-appellant herein, which is the holding company of the Realty Foundation, Incorporated. It appears that at the time of the making of the

mortgage by the Magnolia Construction Company to the Realty Foundation, Incorporated, a search of the records made by the mortgagee failed to disclose the conditional sales agreement on file in the Bergen county clerk's office, by reason, we assume, of the error made in the index. While the foreclosure proceedings were pending, the plaintiff informed the attorney for the defendant of the existence of said conditional sales agreement, and in June, 1929, the county clerk corrected said index; and at the foreclosure sale, the sheriff announced that the premises would be sold subject to the rights, if any, of the conditional sales agreement held by the plaintiff, upon which there was due the sum of $1,435.

The plaintiff demanded possession of said gas ranges by reason of default having been made in the payment of the purchase price, as provided for in the conditional sales agreement, but the defendant which had possession of same after the foreclosure sale, refused to deliver, and by reason thereof, suit was instituted.

The defendant contended that the failure of the county clerk to properly index the agreement was fatal to the validity of the filing of same and it did not operate as notice to subsequent creditors or purchasers, but concedes that the plaintiff complied with the terms of the Conditional Sales act, and that the error was occasioned by the negligence of the county clerk. The trial court rendered a verdict in favor of the plaintiff, in the sum of $1,542.62, representing the value of the ranges with interest, and judgment was entered accordingly, from which this appeal is taken. The finding of the court was based upon the case of *Pavlick* v. *Reginald Oliver Co., Inc.,* 106 *N. J. L.* 292, wherein the Supreme Court held, and we are in accord with its ruling, that the Conditional Sales act (*Pamph. L.* 1919, *p.* 461) does not make the index an essential part of the record, and that it is the filing by the vendor of the contract, and not the indexing by the clerk, which is the vendor's protection, although section 10 of the statute provides that the filing officer shall keep a separate book which shall be indexed under the names of both seller and buyer. The defendant argues that the plaintiff should

be deprived of his rights and the protection afforded by the statute, for the sole reason that the county clerk made an error when entering the names in the index. It will be observed that sections 5, 6 and 7 of the Conditional Sales act provide as to what is required of the vendor, before the filing of his conditional sales contract will operate as notice to subsequent creditors or purchasers, but do not require such documents to be indexed. This requirement is found in section 10, as amended by chapter 68, page 1, 1920, which prescribes the duties of the filing clerk. It is therefore apparent that when a contract of this character has been prepared and filed in accordance with the statute, it will operate as constructive notice, and the fact that the county clerk failed to comply with the provisions of another section of the statute, which requires him to keep a proper index of such documents, cannot affect the validity or effect to the filing, although it may subject him to an action at the instance of a party who may suffer by his error. We therefore conclude, that even if the contract in question was not indexed, it was properly filed, and would operate as a protection to the vendor.

In 23 *R. C. L.* 190, § 47, it is stated: "Indexing the records is obviously a matter of prime importance, but it is not necessary to the validity of an instrument, and the omission of the recorder, to index exactly as provided by statute will not render it invalid;" and section 48—"Likewise a statute which states without reservation or qualification that when an instrument is filed with the recorder and transcribed on the record, it shall be considered as recorded from the time it was delivered, it is constructive notice without being indexed; and this is true although by subsequent sections in the same act it is made the duty of the recorder to keep an index."

In 39 *Cyc.* 1739, the following rule is stated: "In the absence of any statutory provision making the index an essential part of the record, error in making the index, or a total failure to index, does not prevent the record from operating as constructive notice."

In Vermont, where the statute says that conveyances "recorded at length shall be valid to pass," &c., although the

statute makes it the duty of the officer to keep also an index or alphabet of the records, the index is no part of the record, and a mortgage recorded but not indexed is a lien. *Curtis* v. *Lyman,* 24 *Vt.* 338.

In Missouri a statute requiring an index to be kept containing names of the parties, &c., under a penalty of double damages to the party aggrieved for failure to do so does not make the index a part of the record or prevent a deed from being duly recorded without being indexed. *Bishop* v. *Schneider,* 46 *Mo.* 472.

The defendant also argues that the court erred in finding that the plaintiff was entitled to a money verdict. We think this contention is without merit, as the parties stipulated and agreed as follows: (1) "That the action was started under the thirty-third section of the Replevin act and the property was permitted to remain in the possession of the defendant." (2) "That the plaintiff makes no claim for damages for the detention of the property, but that if the plaintiff is entitled to judgment, there shall be a judgment rendered in his favor in the sum of $1,435, with interest from March 22d, 1929, which is the value of the property, under the authority of *Conlen* v. *Lemmerman,* 87 *N. J. L.* 84." The judgment, therefore, is in accordance with the stipulation; and in *Bishop & Babcock* v. *Keffer,* 69 *Id.* 47, it was held by the Supreme Court that "the pleadings in replevin in an action founded upon the thirty-third section of the Replevin act are the same as in other cases;" and that under proper pleadings the value of the property, as well as damages for its detention, may be recovered by the plaintiff in the same manner as could be recovered under section 10 of the act where the property replevied remained in the possession of the defendant.

The judgment will be affirmed.

*For affirmance*—The Chief Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Daly, Donges, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 14.

*For reversal*—None.