**In re BROWN.**
**BLACK v. HOBART MFG. CO. et al.**
**No. 66027.**

United States District Court
N. D. Ohio, E. D.

Jan. 10, 1950.

Murray A. Nadler, Youngstown, Ohio, for trustee.

Richard G. Bauman, Youngstown, Ohio, for Roy E. Ault.

David Steiner, Youngstown, Ohio, for Hobart Mfg.

Ralph B. Schwartz, Youngstown, Ohio, for Bankrupt.

JONES, Chief Judge.

These are petitions for review of the Referee in Bankruptcy's order holding liens of the petitioners invalid as against the Trustee.

One petitioner holds a chattel mortgage on property in the bankrupt's possession and the other has a conditional sales contract by which it retained title to the chattels. Both instruments, however, are declared invalid for the same reason and, therefore, can for purposes of this review be treated as one.

Bankrupt operated a meat department as a tenant of a partnership, the Food Center Super Market. The Referee found that bankrupt was carrying on his business in his own name and not that of the partnership.

When the instruments in question were executed, they were directed to the Food Center Super Market and were signed in the space provided for the mortgagor and vendee at the end of the instrument by the Food Center Super Market (typewritten or printed) by Raymond A. Brown, the bankrupt. Both instruments were recorded but were filed under the name of Food Center Super Market.

The law of Ohio governing like cases indicates that a mortgage or a conditional sales contract which is signed in a fictitious name by which the mortgagor or vendee is not ordinarily known, is invalid against a subsequent lien on the same chattel. The case of Baker v. Coffman, 24 N.P., N.S., 259 holds that it is the duty of the vendor or mortgagee to inquire into the true name of the vendee or mortgagor and to see that the true name is signed to the instrument. If this is not done, a lien which is subsequently perfected on the chattel takes priority over the first lien.

In this case the mortgage and sales contract were signed in a fictitious name. They were, therefore, defectively executed and cannot prevail against the trustee's claim.

The case of Green v. Garrington, 16 Ohio St. 458, 459, 91 Am.Dec. 103, cited by petitioner is not controlling. In that case a

valid mortgage was improperly recorded while in this case the mortgage and sales contract themselves were defectively executed.

The additional claim is made that bankrupt did business under the name of Food Center Super Market. If this were so a different result might have been reached. However, the Referee found that bankrupt did business in his own name, and there is nothing in the record to support a contrary finding.

The orders of the Referee will be approved and his findings and conclusions adopted as those of this Court.