GLOBE SLICING MACHINE CO., INC.
*vs.*
CASCO BANK AND TRUST CO.

Cumberland.   Opinion, May 23, 1958.

*Berman, Berman & Wernick,*
*John J. Flaherty,* for plaintiff.

*Woodman, Skelton, Thompson & Chapman,*
*Edward T. Richardson, Jr.,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, JJ. TAPLEY, J., dissents. BELIVEAU, J., sat at argument but retired before the opinion was adopted.

WILLIAMSON, C. J. This is an action in trover by a conditional vendor against a mortgagee from the purchaser to recover the agreed value of certain personal property. The case is reported to us on an agreed statement. The decision turns on the effectiveness of the recording of the conditional sale agreement.

On February 4, 1952, the plaintiff as seller executed a conditional sale agreement with "Gills Self Service Mkt" as the named purchaser signed "Gills Self Service Mkt, by Frank M. Gill," with the usual provisions for retention of title in the vendor until payment was made of the entire purchase price. The agreement was recorded on February 23, 1952, in the office of the City Clerk of Portland where Frank M. Gill resided. The following notation appears in the index:

"Mortgages 1943-1953
Gill's Self Service Mkt.
Globe Slicing Machine Co., Inc. Vol. 369, Page
163."

It is agreed that "the office of the City Clerk provides an indexing system designed to enable any member of the public to determine, by recourse to this index, whether a particular instrument has been recorded, in what volume, and on what page it is set forth."

In November 1953, Frank M. Gill executed a chattel mortgage to the defendant bank of "all merchandise and stock in trade in said store," including specifically the items enumerated in the conditional sale agreement. The mort-

gage was duly recorded in the office of the Portland City Clerk. Subsequently the defendant foreclosed and sold the property.

We are of the opinion the conditional sale agreement was not effectively recorded insofar as the mortgagee was concerned, and hence is not valid against its title. The statute reads:

> "No agreement that personal property bargained and delivered to another shall remain the property of the seller till paid for, is valid unless the same is in writing and signed by the person to be bound thereby; . . . it shall not be valid except as between the original parties thereto, unless it or a memorandum thereof is recorded in the office of the clerk of the city, . . . in which the purchaser resides at the time of the purchase; . . ." R. S. Chap. 119, § 9.

The agreement was without question valid between the plaintiff and Frank M. Gill. They were the original parties and there could be no objection to the use of a trade name by the defendant in his transactions with the plaintiff. The controversy arises when the interest of a third party is at stake. *Lipman et al* v. *Thomas*, 143 Me. 270, 272, 61 A. 2d. 130; *Bath Motor Mart* v. *Miller*, 122 Me. 29, 118 A. 715; *Skene* v. *Graham*, 116 Me. 202, 100 A. 938; 63 C.J., *Trade-Names* § 39; 87 C.J.S., *Trade-Names* § 8, p. 237, § 30, p. 264; 52 Am. Jur., *Tradename* § 3; 38 Am. Jur., *Name* § 13, p. 601; 2 Corbin, Contracts § 522; 1 Williston, Contracts § 300 (rev. ed.).

The fatal defect in the plaintiff's claim lies in the fact that it chose to name the purchaser under his trade name. Thus the record, in our construction of the statute, gave no constructive notice to the mortgagee of the reservation of title in the vendor. We are not, it must be noted, concerned with whether the mortgagee had actual notice that Frank M. Gill was doing business under the trade name of Gills

Self Service Mkt. See *Hayden* v. *Killman,* 119 Me. 38, 109 A. 485, and R. S. Chap. 178, § 1, on Mortgages of Personal Property and their recording. The same principles apply to conditional sales. It is proper recording, and the recording alone, that breathes validity against a third party into the retention of title in the vendor. *Mac Motor Sales, Inc.* v. *Pate,* 148 Me. 72, 90 A. 2d. 460; *Boscho, Inc.* v. *Knowles,* 147 Me. 8, 83 A. 2d. 122; *Beal* v. *Universal C.I.T.,* 146 Me. 437, 82 A. 2d. 412.

> "It has been declared also in decided cases that the burden of establishing that a personal property mortgage, or a conditional sale agreement, encumbers, or controls, the title of the property involved rests upon the party relying on it, *Horton* v. *Wright,* 113 Me. 439; 94 A. 883, and that nothing less than full compliance with all statutory requirements will satisfy that burden. *Gould* v. *Huff,* 130 Me. 226; 154 A. 574." *Tardiff* v. *M-A-C Plan of NE,* 144 Me. 208, 211, 67 A. 2d. 337.

> "Our recording statute as to conditional sales (R. S., (1930) c. 123, § 8) provides that no conditional sale shall be valid except as to the original parties thereto unless properly recorded. The record is necessary to establish its validity. The statute is for the benefit and protection of all persons who have any interest in examining the record title to property of which they may thereafter become owner, either in whole or in part, absolutely or otherwise." *Motor Finance Co.* v. *Noyes,* 139 Me. 159, 166, 28 A. 2d. 235.

> See also 45 Am. Jur. 489, *Records and Recording Laws,* § 123.

The trade name "Gills Self Service Mkt" is not the equivalent of the name "Frank M. Gill." There is no substantial identity in the names. *Dutton* v. *Simmons,* 65 Me. 583; IV American Law of Property § 18.30, Identity and Substantial Identity of Names. The vendor gains nothing from the fact the word "Gills" appears in the trade name. The

principle *idem sonans* plainly is not applicable. The trade name of Frank M. Gill for our purposes could as well have been "Jones Mkt" or "Cushnoc Mkt."

The case does not turn on error by the recording officer. The agreement was correctly recorded and indexed under the stated name of the purchaser, i.e., "Gills Self Service Mkt." The clerk did not err in failing to index the agreement under the name of Frank M. Gill. There was no more reason for indexing the name of "Frank M. Gill" as the purchaser than the name of the vice president who signed the corporate name of the plaintiff. The issue before us does not arise from an error in the records, but from the recording as effective constructive notice to third parties.

It is obvious that an agreement in the name of "Cushnoc Mkt," so recorded and indexed, would not come to the attention of one searching the records for mortgages or conditional sales against Frank M. Gill. Information linking the trade name and the individual would of necessity come from outside the records. Recording alone is not enough; it must be effective. *Gould* v. *Huff*, 130 Me. 226, 154 A. 574.

> "The purpose of the statute clearly is that all persons may have notice of the mortgage, of the property mortgaged, and of the character and extent of the incumbrance created. The mere record of a valid mortgage gives constructive notice to all. All are presumed to know its contents, for any one interested can obtain knowledge by examining the record. But a record is not constructive notice of more than the record itself discloses. Third persons are chargeable with notice of no more than they can ascertain from the record or from being put upon their inquiry by the record." *Thurlough* v. *Dresser*, 98 Me. 161, 163, 56 A. 654.

The index or entry book is not a part of the record, but must be maintained by the clerk under the statute. R. S. Chap. 178, § 2. It is, however, an essential tool in the search

for encumbrances. The principle that errors in the index are at the risk of one who relies on the record does not lessen the importance of an index, and thus the necessity of the disclosure of the names of parties in instruments such as conditional sales. See *Boscho, Inc.* v. *Knowles, supra; Monaghan* v. *Longfellow,* 81 Me. 298, 17 A. 74; 14 C.J.S., *Chattel Mortgages* § 159, § 162.

The vendor, it is important to recall, knew that it was taking the agreement in a trade name and that this was the trade name of Frank M. Gill. A trade name is not a person, corporation, or other entity, but a business sign. The vendor knew the person behind the sign and it was its obligation, if it chose to be protected by a record against claims under the purchaser, to cause the sale agreement to show the latter's name.

We need not discuss cases arising from the record of an instrument executed by the owner in a wrong or fictitious name. In the instant case there was no deception practiced on the vendor. Frank M. Gill at no time said that his name was, let us say, George Brown. The vendor could have readily insisted upon evidence of the name of the person with whom he dealt under a trade name. Indeed, he could have ascertained whether the record of business names in the city clerk's office disclosed the name of the person or persons involved. R. S. Chap. 181, § 13. See dictum in *Martin* v. *Green,* 117 Me. 138, 143, 102 A. 977, (purchase money mortgage in fictitious name) with comment in *Hayden* v. *Killman,* supra; 78 C.J.S., *Sales* § 586—purchase under fictitious or unauthorized name.

The purpose of a search of the records for conditional sale agreements and chattel mortgages is not to establish a chain of title as in a search of real estate records. Ownership of personal property ordinarily is not evidenced by recorded instruments. The searcher is interested only in

recorded encumbrances against the seller or mortgagor. If there are none, he is then satisfied that no one can claim title against him by virtue of a conditional sale or mortgage.

In *Griffith* v. *Douglass*, 73 Me. 532, we said, at p. 534:

> "The object to be attained by requiring the recording of mortgages of personal property is the same as that in providing for the registration of mortgages of real estate. The same general principles are alike applicable in each case. The design is to give notice to the public of all existing incumbrances upon real or personal estate by mortgage. Hence it is obvious that the property mortgaged, whether real or personal, the person mortgaging, to whom the mortgage is made and the debt or claim to be secured should be fully disclosed and made apparent of record."

The necessity that such instruments give fair notice of the parties to the one who deals on the faith of the record and who is chargeable only with notice from the record is apparent. This the plaintiff vendor failed to do and so the defendant mortgagee prevails.

Our attention has been directed to the Business Name Statute which is designed to protect those who deal with persons under their trade names.

The statute requiring the purchaser to file a certificate of his business name with the city clerk is of no moment in this case. R. S. Chap. 181, § 13.

In *Lipman et al* vs. *Thomas*, supra, we said of the statute, at p. 273:

> "The primary purpose of the statute was to enable persons dealing with individuals transacting business under a partnership or assumed name to know or be able to ascertain from a public record, the name or names of those with whom they are dealing and the nature of the business in which they are engaged. From this record an investiga-

tion of the financial responsibility of the partnership and the individuals composing it may be made, and whether the particular business to be transacted is within the scope of the partnership. The statute sought to protect the public against fraud and deceit in extending credit. It was not intended to protect those who obtained credit from the partnership."

The purpose of the statute is not to enable one dealing with Frank M. Gill to ascertain from the records in what trade name or names he may be doing business.

The entry will be

*Judgment for defendant.*

DISSENTING OPINION.

TAPLEY, J.   I find myself unable to agree with my associates and, therefore, I respectfully dissent.

The majority of the Court has determined the recording of the conditional sales contract is valid between the parties and with this, of course, I agree. I take issue, however, on the matter of constructive notice to the defendant. The line of analysis which I am taking involves the question of whether this defendant, according to the facts of the case, takes title as against the conditional vendor.

The instrument was recorded in its entirety and was indexed:

"Mortgages 1943-1953
Gill's Self Service Mkt.
Globe Slicing Machine Co., Inc. Vol. 369, Page 163."

Defendant's mortgage, among other items of personal property, contained a slicer, chopper and scales, being the same articles as were identified in the conditional sales contract

by the same serial numbers as were used for identification in defendant's mortgage. The conditional sales contract shows at a position near the top of the instrument in print "print name of purchaser" and then there is supplied by personal printing "Gill's Self Service Mkt." At the bottom of the instrument there are to be found lines for signatures. The purchaser is instructed by the printed portion of the instrument to print the name under which the business is conducted, whether as individual, firm or corporation, and directly below these instructions is a line with the printed word "by" and underneath this line are the words "if signing for a corporation, show title after signature." According to the position of the signature, it is apparent that these lines were disregarded by the purchaser and he signed in longhand "Gill's Self Service Mkt." and underneath "Frank M. Gill." My interpretation in analyzing the instrument is that the purchaser was conducting a business under the name "Gill's Self Service Mkt." and his personal signature indicated his responsibility as one to be charged individually. We have as a premise a conditional sales contract which appears on its face to have been executed by a purchaser as an individual doing business under a trade or an assumed name, the business name containing the surname of the purchaser.

The majority opinion narrows the issue to the validity of the recording as to third parties. There appears to be no question that between the parties the agreement was valid, as was the recording. The majority opinion, in part, reads:

> "The fatal defect in the plaintiff's claim lies in the fact that it chose to name the purchaser under his trade name. Thus the record, in our construction of the statute, gave no constructive notice to the mortgagee of the reservation of title in the vendor.
>
> - - - It is proper recording, and the recording alone, that breathes validity against a third party into the retention of title in the vendor.

> "The issue before us does not arise from an error
> in the records, but from the recording as effective
> constructive notice to third parties."

There is no element of fraud on the part of the original
vendee or any other party involved in this case.

The procedure by which a conditional vendor retains title
against third parties is prescribed in *Sec. 9, Chap. 119, R. S.
1954.* The pertinent portion of this section reads:

> "No agreement that personal property bargained
> and delivered to another shall remain the property
> of the seller till paid for, *is valid unless the same
> is in writing and signed by the person to be bound
> thereby;* - - - it shall not be valid except as between
> the original parties thereto, unless it or a memo-
> randum thereof is recorded in the office of the
> clerk of the city, - - - in which the purchaser re-
> sides at the time of the purchase; - - -." (emphasis
> mine).

Referring to the instrument, the name of the purchaser is
not the trade name "Gill's Self Service Mkt." but is "Gill's
Self Service Mkt., Frank M. Gill" as the signature of the
purchaser shows on the contract. According to the record,
Mr. Gill is using a trade name but he evidences his intention
to be bound by the contract by signing his individual name
along with the trade name he has adopted. The trade name
is not a legal entity but is merely a designation under which
the individual who uses it is conducting his business. The
party responsible for carrying out the terms of the contract
and to respond in damages for its breach would be the indi-
vidual, Frank M. Gill, so to reiterate, we have an agreement
in writing, signed by the person to be bound thereby and
this instrument, which satisfies the statutory requirements,
was properly recorded. In the customs and usages of the
trade, it is not unreasonable to say that the execution of
contracts in a trade name by an individual as owner is not
an uncommon practice.

The next question to be determined is whether the defendant under all the circumstances had constructive notice. The majority opinion takes the position that there was no error in the indexing by the City Clerk. The matter of indexing is of no moment in this case as affecting constructive notice. There is no statutory provision in this State making the index an essential part of the record.

*Teweles* vs. *Clearance Holding Corporation,* 156 A. 447 (N. J.). The index in this case was in error. The Court said, on page 449:

> "It is therefore apparent that when a contract of this character has been prepared and filed in accordance with the statute, it will operate as constructive notice, and the fact that the county clerk failed to comply with the provisions of another section of the statute, which requires him to keep a proper index of such documents, cannot affect the validity or effect of the filing, although it may subject him to an action at the instance of a party who may suffer by his error. We therefore conclude that even if the contract in question was not indexed, it was properly filed, and would operate as a protection to the vendor."

See *Pavlick* vs. *Reginald Oliver Co., Inc., et al.,* 148 A. 624 (N. J.).

The indexing may be completely erroneous but this fact in and of itself does not invalidate an otherwise valid recording.

The majority of the Court decides "the fatal defect in the plaintiff's claim lies in the fact that it chose to name the purchaser under his trade name." I do not agree that the purchaser executed the contract under a trade name. He executed it as an individual doing business under a trade or business name. It is the execution of the instrument which prevails, not the so-called named purchaser.

The purpose of recording a conditional sales contract is to retain title in the conditional vendor against third parties through the medium of constructive notice. When a written agreement is executed by the conditional vendor and vendee containing a description of personal property, with the terms of the sale and bearing the signature of the person to be bound, the original parties have satisfied the statutory requirements for its recording.

It is obvious that had the vendee used his own name, not in conjunction with his trade name, there would be no problem. There have been considerable number of opinions written throughout the country on the requirements of satisfying the provisions of conditional sales statutes in drafting conditional sales agreements as to the necessity of following statutory direction in the formation of agreements in order to make such agreements acceptable to recording and, if they meet the requirements, the recording in turn becomes constructive notice to third parties.

*Jennings* v. *Schwartz*, 144 P. 39 (Wash.). This cited case involves a conditional sales contract. The statute, among other conditions, requires the agreement to be signed by the vendor and the vendee. Schwartz, doing business under the trade name of Alaska Junk Company, made a conditional sale of personal property to the Pacific Coast Glass Company. A memorandum of the conditions of the sale was recorded. In the agreement the vendor was named Alaska Junk Company in the opening clause of the agreement. The instrument was signed by the vendee at the ordinary place for the signature but "it was not signed by the vendor personally, either with his proper or trade name, on any part of the instrument." The Court held that the printed trade name in the opening clause of the agreement was not a sufficient signing by the vendor within the meaning of the statute and, therefore, failed to comply with the statutory provisions. The inference to be drawn by this

case is that had the instrument been "signed by the vendor personally, either with his proper or trade name," the recording would have been valid. See *Chattel Mortgages and Conditional Sales (Jones)* Vol. 3, Sec. 1062.

The conditional sales contract must be considered in its entirety in determining its validity for recording purposes. If the instrument satisfies the requirements of *Sec. 9, Chap. 119, R. S. 1954,* then the recording is valid, otherwise it is not. Some jurisdictions have similar statutes which are more specific in their requirements, such as the necessity of describing the property in detail; that the instruments must be signed by both vendor and vendee; or that it must contain a jurat. In so far as the agreement now under discussion is concerned, the Maine statute only requires that the instrument be "in writing and signed by the person to be bound thereby."

The instrument, of course, was in writing but was it signed by the person to be bound thereby? The instrument on its face shows the signature of the individual vendee written under the trade name, both trade name and personal signature appearing to be in the same handwriting. It is reasonable to deduct from the instrument as a whole that the vendee signed it intending to be bound by its terms. The signature of "Frank M. Gill" gives life to the contract, binds him to its terms and, conversely, without his signature, there is lacking a vendee. There is no legal entity in the trade name "Gill's Self Service Mkt." which would support a contractual relationship.

*In re Brown, Black* v. *Hobart Mfg. Co., et al.,* 88 F. Supp. 297. Under the Ohio law a conditional sales contract which is signed with a fictitious name is invalid against a subsequent lien. It appears that one Raymond A. Brown operated a meat department as a tenant of a partnership, the partnership being named "Food Center Super Market." He executed a conditional sales contract which was directed

to the Food Center Super Market. It was signed in the space provided at the end of the instrument as "Food Center Super Market by Raymond A. Brown." The Referee in Bankruptcy found the contract invalid as against third persons. The petitioner claimed that the bankrupt Brown did business under the name of Food Center Super Market. The Court said, on page 298:

> "The additional claim is made that bankrupt did business under the name of Food Center Super Market. If this were so a different result might have been reached. However, the Referee found that bankrupt did business in his own name, and there is nothing in the record to support a contrary finding."

In the instant case, Mr. Gill was doing business under his own trade name which he had a legal right to do.

I come to no other conclusion than the agreement was executed by an individual using a trade name who was legally bound as an individual to satisfy the conditions and terms of the agreement in so far as the vendee was concerned.

The terms, conditions and execution of the conditional sales contract satisfy the requirements of Sec. 9, Chap. 119, R. S. 1954 and therefore its recordation gave constructive notice to the world.